**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN D. HORTON,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    **Case No. 06-1219-MLB** <br>) |
| **MICHAEL BRISTOL, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motions (Doc. 20, 26 & 31) to stay all Fed. R. Civ. P. 26 proceedings.[1] For the reasons set forth below, the motions shall be GRANTED.

### Background

Plaintiff proceeds pro se and asserts various claims against defendants under 42 U.S.C. §§ 1983, 1985 and 1988. The claims relate to an incident in Osborne County, Kansas where Horton was questioned about an alleged driving infraction. Defendant Kline moves to dismiss, arguing the defense of "absolute prosecutorial immunity." (Doc. 18). Defendants Miner, Schutter, and Bristol move to dismiss or for summary judgment, arguing the defense

---

[1] "Fed. R. Civ. P. 26 proceedings" include the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures, scheduling conference, and discovery.

of "qualified immunity." (Doc. 22, 23 & 28). All defendants move for a stay pending rulings on their claims of immunity.

**Analysis**

Plaintiff has not responded to defendant Kline's motion for a stay in this case. Accordingly, Kline's motion is uncontested and granted pursuant to D. Kan. Rule 7.4. Equally important, the remaining defendants have asserted qualified immunity in their respective motions. When qualified immunity is asserted as a defense, a stay is appropriate pending a ruling on the immunity issue. See, e.g., Siegert v. Gilley, 500 U.S. 226, 232 (1991)(until the threshold question of immunity is resolved, discovery and other pretrial proceedings should not be allowed); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992)(when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved). Accordingly, because defendants have asserted qualified immunity, the motions for a stay shall be granted.

**IT IS THEREFORE ORDERED** that defendants' motions to stay all Rule 26 proceedings **(Doc. 20, 26 & 31)** are **GRANTED.** Consistent with this ruling, the scheduling conference set for **November 9, 2006** is **CANCELED** pending further order of the court.

**THIS STAY IS LIMITED TO RULE 26 MATTERS AND DOES NOT AFFECT THE BRIEFING SCHEDULE FOR DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT. PLAINTIFF MUST FILE TIMELY**

**RESPONSES TO THE PENDING MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of October 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge