IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN D. HORTON, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1219-MLB |
| ) | |
| MICHAEL BRISTOL, NAME UNKNOWN ) | |
| VIGILANTE, MOTHER OF NAME UNKNOWN ) | |
| VIGILANTE, MARK SCHUTTER, CURT ) | |
| MINER, Sheriff, and PHILL KLINE, Kansas ) | |
| Attorney General, ) | |
|         Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Plaintiff, while driving a state vehicle on his way to a librarians' conference, passed several vehicles while in a one-lane construction zone. One of the driver's whose vehicle plaintiff passed, took offense at plaintiff's conduct in passing in a construction zone and reported his conduct to law enforcement at the next town they came to. This traffic infraction has now mushroomed into the filing of a federal case making false, scandalous accusations and allegations for the sole purpose of vexing and harassing the defendants.

This case is a classic case of an abuse of the federal court system for the purpose of defaming and spewing vitriol upon the defendants and causing them to incur costs and expenses in defending the action.

This is obvious from the fact that the complaint is riddled with scandalous and sensational allegations that are false, many of them patently so.

Plaintiff's complaint on its face appears to imply, if not actually state, that plaintiff is black and was allegedly mistreated because of his race. He liberally uses words and phrases such as "nigger," "ordered to be out of town by sundown," "colored person," and "lynching." Plaintiff is, however, not black. Indeed, though he calls himself Hispanic in his complaint, the defendants had no idea of his race during their encounter with him as he appears to be white, his race was not mentioned, and his driver's license contained no information concerning his race. (Bristol Aff. paras. 40-41.)

Plaintiff falsely alleges that he received a letter from the Attorney General's office in which the Attorney General advised him that in Kansas, "the lynching of niggers is a private matter." In fact, no letter issued by the Attorney General's office makes any such statement. Plaintiff's complaint to the Attorney General and the Attorney General's response do not mention race or lynching in any fashion. (See Exhibits A and B attached hereto.)

Plaintiff alleges that the mother of a citizen who complained about plaintiff's reckless driving of a state vehicle in a construction zone wrote an "anti-nigger hate letter complaining about the state of Kansas sending niggers up to white Osborne County," and mailed it to plaintiff's supervisor. In fact, the letter makes no references to "niggers," makes no complaint about sending anyone to Osborne County but solely addresses plaintiff's reckless driving of a state vehicle in a construction zone without reference to his race. Indeed, his race was also unknown to the author of the letter. (See Exhibit C attached hereto.)

Plaintiff's complaint alleges that the unnamed citizen reported to Bristol that "the nigger was raping the white women in the library and that the nigger had to be lynched." In fact, no such conversation ever occurred between Mr. Bristol and the citizen complaining about plaintiff's reckless

2

driving. Plaintiff has no basis whatsoever for alleging that any such statement was made between them. (Bristol Aff. paras. 4-8.)

Plaintiff falsely alleges that he was illegally arrested and transported to the Osborne Police Department. In fact, he was merely requested to walk voluntarily and on his own to the sheriff's department to give his side of the story to the complaining witness. Plaintiff did so voluntarily. He walked, he was not transported. Moreover, the conversation occurred out in the driveway and the plaintiff was never taken into the building. (Bristol Aff. Paras 16-18, 21.)

Plaintiff also alleges that he was then imprisoned for an hour. In fact, as already mentioned, the conversation occurred outside of the sheriff's department. Plaintiff also falsely alleges that all of the defendants conspired with the mother of the citizen to write a letter to his supervisor. In fact, there is no good faith basis for alleging any such conspiracy. The author of the letter wrote it on her own.

It is obvious that plaintiff's complaint is a vitriolic, satirical and sarcastic recitation and exaggeration of his brief encounter with the Chief of Police and a citizen arising out of his improper passing in a construction zone while driving a state vehicle. It is not an attempt to assert a legitimate claim for relief but an abuse of the federal court system for vicious and malicious purposes.

The foregoing, and this defendant's Memorandum in Support of Motion for Summary Judgement (Dkt. 29), incorporated herein by reference, establish that plaintiff's complaint is:

1. Presented for an improper purpose such as to embarrass and harass defendants.

2. The allegations and contentions have no evidentiary support and are not warranted on the evidence. All as prohibited by Federal Rule of Procedure 11.

On October 4, 2006, this defendant's attorney sent a draft of this motion to plaintiff together with a letter requesting that this case be dismissed. (Exhibit D.) The letter and motion were picked up on October 10, 2006. (Exhibit E attached hereto.) More than 21 days have passed and plaintiff has not responded to the letter nor has he voluntarily withdrawn his frivolous Complaint.

For the foregoing reasons, plaintiff's conduct must be sanctioned, he must be required to pay the costs and expenses this defendant has incurred in defending this action, must have his complaint dismissed and pay an additional amount as determined by the court in sanctions to deter the plaintiff and others from such conduct in the future.

                WATKINS CALCARA, CHTD.

                s/ Allen G. Glendenning
                   Allen G. Glendenning, #12187
                   1321 Main - Suite 300
                   P.O. Drawer 1110
                   Great Bend, Kansas  67530
                   (620) 792-8231
                   Attorneys for Defendant Michael Bristol