UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
401 N MARKET ST RM 204
WICHITA KS 67202-2000

FILED        FILED
U.S. DISTRICT COURT   U.S. DISTRICT COURT
DISTRICT OF KANSAS   DISTRICT OF KANSAS

'06  DEC -4  P3:15  '06 DEC -4  P3:15

RALPH DELOACH
BY _____ DEPUTY
WICHITA. KS.

| | |
|---|---|
| John D. Horton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| Michael Bristol et al., ) | 06-1219-MLB-KHM |
| ) | |
| Defendants. ) | |

PLAINTIFF'S OBJECTION TO
DEFENDANT BRISTOL'S
MOTION FOR SANCTIONS  UNDER FRCP[1] 11
AND
PLAINTIFF'S CROSS-MOTION FOR SANCTIONS
AGAINST DEFENDANT BRISTOL FOR FILING HIS
FRIVOLOUS AND VEXATIONS FOREMENTIONED MOTION

COMES NOW the plaintiff in the above entitled action and objects

to defendant Bristol's Motion for Sanctions under Rule 11 of the Federal

Rules of Civil Procedure,

AND FURTHER, the plaintiff cross-motions the court for sanctions

against defendant Bristol for filing his frivolous and vexation motion.

AND IN support thereof the plaintiff shows:

---

[1] Federal Rules of Civil Procedure.
P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 1 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Motions for Sanctions
## Under FRCP 11
## Requirement of Honesty in Pleading

Attorneys and unrepresented parties must sign every pleading, written motion, or other paper presented to the court.[2]  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry under the circumstances:

- It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation,
- The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,
- The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
- The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[3]  FRCP 11 does not merely prohibit the filing of a pleading known to be false.[4]  The Rule casts an affirmative obligation upon the presenting attorney that he or she is satisfied in good faith, that there is good ground to support the claim asserted therein.[5]  The principle is applicable to allegations made upon information and belief.[6]  If an attorney's certification is to be more than a hallow gesture, he must do more than obtain a person willing to lend his name as a plaintiff.[7]

---

[2] FRCP 11(a).

[3] FRCP 11(b).

[4] Freeman v. Kirby, 27 F.R.D. 395 (S.D. N.Y. 1961).

[5] Id.; Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53 (E.D. N.Y. 1979).

[6] Miller. V. Schweickart, 413 F. Supp. 1059 (S.D. N.Y. 1976).

[7] Freeman, Supra.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 2 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

In evaluating the concept of "good ground" to support a pleading, a commentator has concluded that:

- Good ground cannot exist as to any alleged proposition known to be false, including a denial.
- An attorney must engage in reasonable investigation to determine the probability of any proposition he proposes to allege in a pleading or other document.
- Where after investigation the attorney is neither sure that a proposition is true nor that it is false, FRCP 11 demands at least a suggestive circumstantial nexus which would justify concluding that the truth of the proposition is likely enough to warrant resort to the discovery mechanism of the civil action to investigate it or a jury to decide it.
- The attorney's signature should be taken as continuing certification of good ground, so that if the attorney uncovers circumstances which, had he known them before, would have rendered the original signature improper, he is under an obligation to come forward and amend the document so that it conforms to his current knowledge.
- It may be possible to violate FRCP 11 by adopting a frivolous legal position in a document, but a court must be extremely cautious in finding such a violation so as not to discourage attorneys from advocating positions which, though today perceived as absurd, may become tomorrow's law.[8]

One commentator has noted that while a great deal has been written about the 1993 amendments to FRCP 11, both praising or criticizing them, in a significant sense, all the debate and controversy is beside the point since the amendments to FRCP 11 took nothing away from the inherent power that courts may well now apply more frequently.[9]

---

[8] Risinger, "Honesty in Pleading and its Enforcement:  Some "Striking" Problems with Federal Rule of Civil Procedure 11.  61 Minn L. Rev. 1 (1976).

[9] Basker, "The Inherent Power to Impose Sanctions:  How a Federal Judge is Like an 800-Pound Gorilla." 14 The Review of Litigation 195 (1994).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 3 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## What Papers Are Subject to FRCP 11

FRCP 11 applies to any "pleading, written, or other paper" that is presented to the court.[10]  Courts have interpreted this provision liberally to include complaints, answers, and motions, and responses to such documents.[11]  Despite this liberal interpretation, however, FRCP 11 applies only to documents that are filed with or submitted to the court,[12] and is inapplicable to papers filed in criminal proceedings[13] or to disclosures or discovery requests, responses, objections, and motions that are subject to Rules 26 through 37.[14]

## Answers and Counterclaims

It is a breach of counsel's obligation to the court under FRCP 11 to file an answer creating issues that counsel does not affirmatively believe have a basis,[15] and FRCP 11 is violated where the attorney knows a counterclaim is false but allows the issue to go to trial.

In the instant case, the defendant Bristol knows that he was never authorized to investigate the traffic complaint which occurred outside of his jurisdiction.  At this point all he has been able to concoct is a story that the Osborne County Sheriff Dispatcher authorized him to exceed his jurisdiction.  This testimony by Bristol is nothing but self-serving hearsay

---

[10] FRCP 11(b).
[11] Frazier v. Cast, 771 F.2d 259 (7th Cir. 1985).
[12] Adduono v. World Hockey Asso., 824 F.2d 617 (8th Cir. 1987).
[13] United States v. White, 980 F.2d 836 (2d Cir. 1992).
[14] FRCP 11(d).
[15] Arena v. Luckenbach S.S. Co., 279 F.2d 186 (1st Cir. 1960);  United States v. Minisee, 113 F.R.D. 121 (S.D. Ohio 1986).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 4 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

and must be excluded by the court.  Further defendant Bristol's turning

over copies of the plaintiff's driver's license and state government

business card to defendant Andy Snook is patently outside of any

standard police procedure which clearly demonstrates the Ku Klux Klan

animus that Bristol and Andy Snook had toward the nigger Horton.

### Information and Belief

The concept of pleadings on information and belief is supported by

FRCP 11, since this rule provides that the signature of an attorney to a

pleading is a certificate that to the best of his or her knowledge,

information, and belief there appears to be good ground to support the

pleading.[16]

### In Civil Rights Cases

The Advisory Committee Notes state that courts should not award

Rule 11 sanctions in civil rights cases in a manner that would be

inconsistent with the standards governing the award of attorneys' fees

under 42 U.S.C. § 1988.[17]

### Pro Se Litigants

In applying FRCP 11, the court may considered the special

circumstances of pro se litigants.[18]  For example, pro se plaintiffs may be

---

[16] Carroll v. Morrison Hotel Corp., 149 F.2d 404 (7th Cir. 1945).
[17] Advisory Committee Notes to 1993 Amendments to Federal Rules of Civil Procedure, FRCP 11.
[18] Maduakolam v. Columbia University, 866 F.2d 53 (2d Cir. 1989);  Lerch v. Boyer, 929 F. Supp. 319 (N.D. Ind. 1996).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 5 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

held to a lower standard of accountability than attorneys with respect to conducting a reasonably objective inquiry into the legal basis for a claim.[19]

### How is Motion Made

A motion for sanctions under FRCP 11 must be made separately from other motions or requests and must describe the specific conduct alleged to violate the Rule.[20]   The failure to comply with these formal requirements is grounds for denying the motion.[21]   In the instant case, the defendant Bristol simply complains that he disagrees with the factual allegations in the complaint.   Question of fact are for the trier of fact to resolve and are not the subject matter for a Rule 11 motion.   Defendant Bristol has not identified any procedural irregularity in the complaint which might be the subject matter for a Rule 11 motion.   Defendant Bristol has failed to describe any specific conduct which allegedly  violates the Rule.

### Opportunity to be Heard

A District Court adequately safeguards a party's due process rights where the court gives the party opportunity to respond in writing to the sanctions motion and holds a hearing on the motion.[22]

A hearing may be required when the decision whether to impose sanctions involves factual issues that cannot be resolved by referring to

---

[19] Babigian v. Association of Bar, 144 F.R.D. 30 (S.D. N.Y. 1992), aff'd without op., 990 F.2d 623 (2d Cir.), related proceeding, 901 F. Supp. 17 (D.C. Dist. Col.).
[20] FRCP 11(c)(1)(A);  In re VMS Sec. Litig., 156 F.R.D. 635 (N.D. Ill. 1994).
[21] Hadges v. Yonkers Racing Corp., 48 F.3d 1320 (2d Cir. 1995);   Thomas v. Treasury Management Ass'n, 158 F.R.D. 364 (D.C. Md. 1994);  Johnson v. Waddell & Reed, 74 F.2d 147 (7th Cir. 1996).
[22] Bullard v. Chrysler Corp., 925 F. Supp. 1180 (E.D. Tex. 1996);  Zimmer man v. Bishop Estate, 25 F.3d 784 (9th Cir. 1994), cert. denied, 130 L. Ed. 2d 543.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 6 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

the record, such as the reasonableness of a prefiling inquiry into the
factual or legal basis for a document.[23]  A hearing may also be necessary
when there is a question whether a good faith argument can be made for
a legal position taken in a document.[24]

## Burden of Proof

Under FRCP 11, conduct is tested by an objective reasonableness
standard.[25]

Under the 1983 version of the Rule, some courts held that a court
must resolve "any and all doubts" in favor of the person signing a
document when determining whether the person violated the Rule,[26] and
that the burden of proof is clearly upon the party seeking to impose
sanctions.[27]

## Documentation of Attorneys Fees and Expenses

A party seeking an award of attorney's fees and expenses under
Rule 11 must provide documentation supporting the request.[28]

---

[23] La Vay Corp. v. Dominion Federal Sav. & Loan Asso., 830 F.2d 522 (4th Cir. 1987);
Whittington v. Ohio River Co., 115 F.R.D. 201 (E.D. Ky. 1987).
[24] Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194 (7th Cir. 1985);  Donaldson v.
Clark, 819 F.2d 1551 (11th Cir. 1987).
[25] Coates v. United Parcel Services, Inc., 933 F. Supp. 497 (D. Md. 1996);  Wright v.
Edelman, 71 BNA FEP Cas (S.D. N.Y. 1996).
[26] Stern v. Leucadia Nat'l Corp., 844 F.2d 997 (2d Cir. 1988);  Pressman v. Estate of
Steinvorth, 860 F. Supp. 171 (S.D. N.Y. 1994).
[27] Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985).
[28] Johnson v. New York City Transit Authority, 116 F.R.D. 394 (E.D. N.Y. 1986) (court
found violation, but denied request for attorney's fees;  counsel could only estimate hours
spent on case).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 7 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Discretion of the Court

The 1993 amendments to FRCP 11 leaves the decision whether to impose sanctions for a violation of Rule 11 to the court's discretion.[29]

## Factors Considered

FRCP 11 itself does not specify the factors a court may considered in making the decision to sanction a party, attorney or law firm, but the Advisory Committee Notes state that the court may consider:

- Whether the violation was willful or negligent,
- Whether the violation was party of a pattern of activity or an isolated event,
- Whether the violation infected the entire pleading or only one particular count or defense,
- Whether the person committing the violation has engaged in similar conduct in other litigation,
- Whether the violation was intended to injure,
- What effect the violation had on the litigation process in time or expense,
- Whether the person committing the violation is trained in the law.[30]

## Under 28 U.S.C. § 1927

FRCP is not the only tool at the court's disposal to sanction attorneys who abuse the legal process.  Federal courts may sanction attorneys or other person admitted to conduct cases when they

---

[29] FRCP 11(c).

[30] Advisory Committee Notes to 1993 Amendments to Federal Rules of Civil Procedure, FRCP 11.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 8 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

unreasonably and vexatiously multiply case proceedings.[31]  28 U.S.C. § 1927 sanctions dilatory litigation practices.[32]

A showing of simple inadvertence or negligence is insufficient to support an order of sanctions under 28 U.S.C. § 1927.[33]  At least one court has taken the position that sanctions may be imposed under § 1927 when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.[34]

### Under Court's Inherent Powers

Besides the authority of FRCP 11 and 28 U.S.C. § 1927, each federal court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases.[35]  This includes the inherent power to impose reasonable and appropriate sanctions,[36] since the court possesses the power to:

- Control admission to its bar,
- Discipline attorneys who appear before it,
- Dismiss a lawsuit or enter a default judgment,
- Impose fines,
- Assess attorney's fees,[37]
- Punish for contempt.[38]

---

[31] 28 U.S.C. § 1927.  "What conduct constitutes multiplying proceedings unreasonably and vexatiously so as to warrant imposition of liability on counsel under 28 U.S.C. § 1927 for excess costs, expenses, and attorneys fees.  81 A.L.R. Fed. 36.

[32] New York by Vacco v. Operation Rescue Nat'l, 80 F.3d 64 (2d Cir. 1996);  Browning v. Kramer, 931 F.2d 340 (5th Cir. 1991).

[33] Holmes v City of Massillon, 78 F.3d 1041 (6th Cir. 1996).

[34] Jones v. Continental Corp., 789 F.2d 1225 (6th Cir. 1986).

[35] Chambers v. NASCO, 501 U.S. 32 (1991).

[36] Natural Gas Pipelines Co. v. Energy Gathering, 2 F.2d 13979 (5th Cir. 1993); Pederson v. Louisiana State Univ., 912 F. Supp. 892 (M.D. La. 1996).

[37] Chambers, Supra.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 9 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

This inherent power permits the courts to sanction all persons before the court including attorneys[39] and law firms.[40]

Where federal statutes and rules provide a basis for sanctioning the offending person, courts should ordinarily rely on those statutes and rules as the basis for sanctions.[41]  Nonetheless, bad faith conduct can be sanctioned pursuant to the court's inherent power even though that conduct is also sanctionable under some rule or statute.[42]  Still, the court's exercise of its inherent power is particularly appropriate when the offensive conduct does not fall under the proscription of any statute or rule.[43]

### Bad Faith Must Be Shown

To warrant sanctions under the court's inherent powers, there must be a showing of bad faith on the part of the person sanctioned.[44] Recklessness is an insufficient basis for sanctions under the courts' inherent power.[45]

Bad faith may arise during eh course of the litigation or in bringing or causing an action to be brought,[46] and may include activities such as

---

[38] Natural Gas Pipeline Co. of Am. v. Energy Gathering, 86 F.3d 464 (5th Cir. 1996).
[39] Chambers, Supra.
[40] Resolution Trust Corp. v. Bright, 6 F.3d 336 (5th Cir. 1993).
[41] Chambers, Supra.
[42] Id.
[43] Id.
[44] Chambers v. NASCO, 501 U.S. 32 (1991).
[45] Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.) 78 F.3d 431 (9th Cir. 1996).
[46] Shimman v. International Union of Operating Eng'rs, Local 18, 744 F.2d 1226 (6th Cir. 1984).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 10 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

committing fraud upon the court, stalling litigation, or willfully disobeying a court order.[47]

Bad faith can be inferred from dilatory conduct such as a defendant's failure to prepare for a pretrial conference and drawing out litigation.[48]

### Sanctions Available

Under its inherent power, a court can assess a range of sanctions, including

- Awarding attorney's fees and costs,[49]
- Assessing a fine,[50]
- Reprimanding the offending attorney,[51]
- Suspending[52] or disbarring[53] the offending attorney from practice before the court
- Referring the offending attorney to the appropriate disciplinary grievance committee,[54]
- Staying a party from filing additional pleadings,[55]
- Excluding evidence,[56] and,
- Ordering offending counsel to attend continuing legal education courses,[57]

Dismissal or default (striking a defendant's answer) is such a severe sanction it should only be ordered for especially egregious

---

[47] Chambers, Supra.
[48] Link v. Wabash R. Co., 370 U.S. 626 (1962).
[49] Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).
[50] Natural Gas Pipeline Co. of Am. V. Energy Gathering, 86 F.3d 464 (5th Cir. 1996).
[51] Smith v. Our Lady of the Lake Hosp., 135 F.R.D. 139 (M.D. La 1991).
[52] Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414 (6th Cir. 1992).
[53] In re Snyder, 472 U.S. 634 (1985).
[54] Smith v. Our Lady of the Lake Hosp., Supra.
[55] Smith v. Legg (In re United Mkts. Int'l, 24 F.3d 650 (5th Cir. 1994).
[56] Orlett, Supra.
[57] Smith v. Our Lady of the Lake Hosp., Supra.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 11 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

conduct.[58]  Therefore, courts should not dismiss cases under their

inherent power unless there is a clear record of contumacious conduct

and the record reflects that lesser sanctions would not be adequate.[59]

Similarly, a formal reprimand or referral to the state bar is considered to be

a fairly severe sanction and require a clear showing that the offending

conduct violated a court order.[60]

If the fine is punitive, it is paid into the court's coffers;  if it is

reimbursement to the nonsanctioned party, it is paid to that party.[61]

The inherent power of the federal courts is at once broader and

narrower than the FRCP 11 power.  Rule 11 focuses on specific abuses

and is not limited to willful conduct;  in contrast, the inherent power

reaches the full range of litigation misconduct, but authorizes fee shifting

only for bad-faith conduct of willful disobedience of a court's orders.[62]

## Procedure for Imposing Sanctions

Sanctions under the court's inherent power may be imposed either

by motion[63] or by the court sua sponte.[64]

## Recent Cases

Motion for Rule 11 sanctions must be made separately from other

motions or requests and must specify conduct alleged to violate Rule.[65]

---

[58] Chambers, Supra.
[59] Taylor v. Combustion Engineering, Inc., 782 F.2d 525 (5th Cir. 1986).
[60] Grace v. Center for Auto Safety, 72 F.3d 1236 ( 1996).
[61] In re Kave, 760 F.2d 343 (1st Cir. 1985).
[62] Chambers, Supra.
[63] Roadway Express, Inc. v. Piper, Supra.
[64] Id.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 12 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

The rule governing an attorney's responsibilities in connection with representations made to a court in signed pleadings allows pleadings based on evidence reasonably anticipated after further investigation or discovery.[66]

Rule 11 sanctions would not be pursued against pro se insured despite his admission that he had not taken time to read policy before filing suit against life insurer on time-barred contract, tort and statutory claims;  however, insured would be cautioned that Rule 11 applies to anyone who signs pleading, motion, or other paper.[67]

Rule 11 sanctions against nonparty petitioner who filed for removal were not warranted, even though petitioner was frivolous and unwarranted, where petitioner was pro se.[68]

FRCP 11 applies not only to attorneys and represented parties, but also to pro se litigants;  however, pro se litigants are held to more lenient standard than professional counsel.[69]

Requirement that before a court may impose sanction sua sponte, it must give the offending party notice of its intent to do so and the opportunity to be heard applies whether the court is sanctioning a party pursuant to its authority under Rule 11, statute permitting sanctions for

---

[65] King v. Galluzzo Equipment & Excavating Inc., 223 F.R.D. 94 (E.D. N.Y. 2004).
[66] FRCP 11(b)(3);  Rotella v. Wood, 120 S. Ct. 1075 (2000).
[67] Watkins v. American Nat. Ins. Co., 967 F. Supp. 1272 (M.D. Fla. 1997).
[68] Newman and Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115 (E.D. N.Y. 2005).
[69] Horton v. TWA, 169 F.R.D. 11 (E.D. N.Y. 1996).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 13 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

unreasonably and vexatiously multiplying proceedings, or court's inherent authority.[70]

Plaintiff and plaintiff's counsel, upon whom district court sua sponte imposed Rule 11 sanctions after hearing on defendants' motion for § 1927 sanctions against counsel for excessive costs, were not affored adequate notice and opportunity to be heard;  it was insufficient that court referred at that hearing to sanctions beyond scope of defendants' § 1927  motion, and pending § 1927 motion did not give notice of potential Rule 11 sanctions, but actually diverted attention elsewhere.[71]

### Factually Erroneous Statements in Bristol's "Memorandum in Support of Motion for Sanctions…"

### Page 1:  "Plaintiff, while driving a state vehicle on his way to a librarians' conference passed several vehicles while in a one-line construction zone."

Bristol's allegation is factually erroneous.  Bristol has not entered into evidence or even attempted to enter into evidence the fact of whether the Kansas Department of Transportation had properly and lawfully marked and signed this highway as a construction zone.  The fact of the matter is that the Kansas Department of Transportation, relying on a group of Hispanic, illegal alien workers, failed at any and all relevant times herein to marked the highway as a construction zone.  There was no sign indicating the length of the construction zone.  There was no sign indicating that a pilot car was in use.  The pilot car was a hugo or Ford

---

[70] Johnson v. Cherry, 422 F.3d 540 (7th Cir. 2005).
[71] Hutchinson v. Pfeil, 208 F.3d 1180 (10th Cir. 2000).

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 14 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Pinto which could not be seen as it was being immediately followed by an eighteen-wheeler that had a twenty foot high trailer.  There was no sign indicating a "no-passing zone."  And there was no sign indicating that there was "one-way" and "one lane of traffic only" on this stretch of highway.  Bristol, instead of directing his concern to the appropriate authority,[72] decided that the nigger Horton should be punished and lynched for KDOT's wrong-doing.

### Page 1:  "One of the driver's[73] whose vehicle plaintiff passed … reported his[74] conduct to law enforcement at the next town they came to."

Andy Snook did not report the matter to the appropriate law enforcement agency[75] but instead went crying and whining to his personal friend and associate, Bristol.  Andy Snook is a known and convicted crackhead and bully and the Osborne County Sheriff does not have time to waste on a worthless piece of crap like Andy Snook.  Further, Snook should not even have joint custody of his daughter.  Degenerate crackheads like Andy Snook should not be allowed to have any contact with children they sire out of wedlock with the local town whore.  At 10:00 a.m. on the day in question, the daughter should have been with her mother, or in pre-school, not riding around with her father the crackhead.

---

[72] The Kansas Department of Transportation, herein after, KDOT.
[73] Andy Snook.
[74] Plaintiff's.
[75] Which would have been the Osborne County Sheriff.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 15 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Page 1: "This case is a classic case of an abuse of the federal court system for the purpose of defaming and spewing vitriol upon the defendants and causing them to incur costs and expenses in defending the action"**

This case is a classic case of a nigger trying to save himself from getting lynched by the Ku Klux Klan in Kansas. Bristol had absolutely no business kidnapping and lynching the nigger Horton when the matter complained of occurred in the county of Osborne and was outside Bristol's jurisdiction.

**Page 1: "…the complaint is riddled with scandalous and sensational allegations that are false, many of them patently so."**

The only thing that is false in this case, is Bristol's assumed authority and jurisdiction to lynch niggers on the flimsy excuse that the nigger Horton drove improperly outside of Bristol's jurisdiction while in the county of Osborne.

**Page 2, ¶ 1: "Plaintiff's complaint … appears to imply … that … [he] was allegedly mistreated because of his race."**

The plaintiff has been certified by the Equal Employment Opportunity Commission[76] as an ethnic minority in various and sundry administrative and court proceedings. The fact of the plaintiff's status as an ethnic minority is thus res judicata, collaterally estopped and issue precluded from being challenged in this case. Since the active suppression of the Ku Klux Klan in the 1970s by the federal government, the Klan now claims that every one is white and that they now lynch

---

[76] Hereinafter, EEOC.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 16 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

people without regard to their ethnicity.  The false allegations of the

defendant's are without merit as the plaintiff's status as an ethnic minority

has previously been ruled on by the EEOC.

### Page 2, ¶ 2:  The Attorney General's Letter

The Kansas Attorney General did respond to my complaint of

having been lynched by the Ku Klux Klan acting through certain Osborne

County and City Officials by saying that these lynchings are private law

matters and must be litigated in the civil courts.  The Attorney General, in

light of my letter complaining about the Klan, clearly stated that under no

circumstances would the Attorney General attempt to impede the Klan by

bring criminal charges against the Klan especially if they were operating

through their normal avenues of activities, namely by putting on the mantle

of law enforcement.  The massive expansion of law enforcement

personnel subsequent to the Civil War was undertaken largely as a means

of controlling niggers as a substitute for de jure slavery.  Prior to the Civil

War there were no city police, and only U.S. Marshals, county sheriff's and

their deputies.  With the freeing of the slaves, the white terrorist power

structure throughout the United States sought some other means of

enslaving the nigger.  This was accomplished through hiring thousands of

local police officers whose primary responsibility was to control the nigger

population.  This accounts for why 90% of the prison population is ethnic

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 17 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

minority while we only make up 20% of the general population is ethnic

minority.

### Page 2, ¶ 3:  Judith Snook's Letter

Judith Snook's letter is complete hearsay.  She was not a witness

to anything and yet she writes in the first person as if she had a front row

seat to all the proceedings on the highway into Osborne.  The Klan is

clever and multifaceted.  When the nigger Horton was being lynched in

Osborne, Klanswoman Snook, as a white Klan's woman could not resist

writing a anti-nigger hate letter to the plaintiff's employer.  How did

Klanswomen Snook get any information about the plaintiff as she was

never on the Highway or in Osborne during the time in question and in fact

never saw, met or observed the plaintiff at any time?  She had a working

relationship with Klansman Bristol who illegally and unlawfully provided

Klanswomen Snook with a copy of the plaintiff's driver's license and a

copy of the plaintiff Kansas State Government business card.  There is

absolutely no law, rule or regulation that authorizes Klansman Bristol to

turn over personal and private information about the plaintiff, gathered in

the course of an illegal and unlawful police investigation, to a private

citizen such as Klanswomen Snook.  Without the unlawful conspiracy

between Bristol and Mrs. Snook to use the results of the unlawful police

investigation and lynching against the plaintiff, Mrs. Snook would not have

had any personal and private information about the plaintiff on which to

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 18 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

continue the acts of terrorism by the Klan against the plaintiff by writing her hate letter to the plaintiff's employer.

### Page 2, ¶ 4:  Raping white women

One of the primary functions of the Ku Klux Klan is to preserve the purity of white women by being fouled by the nigger and mongrel races. There can be only one reason by Klansman Bristol would break up a meeting of the Central Kansas Library Association being held at the Bristol Public Library.  That was to separate the nigger Horton from the white women attending the meeting.  Clearly, Bristol had no lawful authority to investigate any traffic matter occurring outside of his jurisdiction so the only logical conclusion regarding his busting up the meet of the Central Kansas Library Association was to eject the nigger Horton from the meeting which he was successful in doing.

### Page 3, ¶ 1:  Nigger Unlawfully Arrested

The nigger Horton was forced out of the library by the gun toting thug and Klansman Bristol.  Without Bristol forcing the nigger Horton out of the building, the nigger Horton would have continue attending the meeting.  Bristol made it quit clear that he would beat, whip and shot the nigger Horton if he did not leave the white women's meeting.  The nigger Horton was forced out of the library through the use of force, fear, fright and intimidation.  There was absolutely nothing voluntary about the nigger Horton being thrown out of the library.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 19 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

### Page 3, ¶ 2:  Nigger Unlawfully Imprisoned

The nigger Horton was forced to walk to the city jail.  He was never at the Sheriff's Office which was across the street from the city police department and city jail.  Klansman Bristol unlawfully turned over private and personal information about the plaintiff[77] to Judith Snook which she had no legal authority to receive.

### Page 3, ¶ 3:  "…Vitriolic, Satirical and Sarcastic…"

Each and every allegation of the plaintiff' is verified and supported by the uncontested facts in this case, or alternatively, that a reasonable belief can be made for their assertion.

### Factually Erroneous Statements in Bristol's Affidavit

### Page 1, ¶ 2:  "I was on duty and was contacted by the County Dispatcher to come to the Sheriff's Office to Take a Driving Complaint."

This is a self-serving lie by Bristol.  There is no law, rule or regulation that authorizes him to investigate routine traffic matters that occur in the county.  Bristol's jurisdiction ends at the Osborne city limits. There is no contemporaneous documentation that supports this assertion. The plaintiff wrote to the Sheriff immediately following the lynching and the Sheriff never stated that he authorized Bristol to investigate a county traffic matter.

---

[77] A copy of the plaintiff's driver's license and Kansas state government business card.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 20 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

### Page 1, ¶ 4-6:  "Snook advised me..."

Why didn't Snook advise Bristol that there was no sign indicating the length of the construction zone?  Why didn't Snook advise Bristol that were was no sign indicating that a pilot car was being used and that all cars were to follow the pilot car?  Snook and his bastard daughter[78] were never in danger and were not run off the road.  The plaintiff went around Snook and pulled in front of the 18-wheeler which was blocking visual recognition of there even being a pilot car.

### Page 2, ¶ 9:  "and that I (Bristol) would go talk to the plaintiff at the Library."

Here, Bristol admits that he had no legal authority to enter the library and start "interrogating" and lynching the plaintiff.  Also, Bristol fails to mention that he had a prior relationship with Snook since he had arrested Bristol several times for being a crackhead and knew the crackheads father, a retire Kansas Highway Patrol Officer.

### Page 2, ¶ 10-17:  Bristol did distupt the meeting

By entering the library without any probable cause or legal authority, Bristol most definitely did disrupt the meeting and he most definitely disrupted the plaintiff by forcing the plaintiff out of the meeting.  The plaintiff was forced to go back to the city jail not the Sheriff's office.

---

[78] Snook is not married to the mother of this girl and her parentage has not been established through reliable DNA testing.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 21 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Page 3, ¶ 18-20:  Sheriff did not authorize Bristol to do anything**

All of Bristol's statements that the sheriff authorized him to investigate Snook's complaint are self-serving hearsay and inadmissible. Snook's alleged complaint was a county matter and the sheriff cannot delegate his responsibility to others.

**Page 3, ¶ 21-29:  Bristol and Snook Attempted to Extort Money from the Plaintiff**

There is no law, rule or regulations which authorizes a police officer to force a nigger to be confronted by a Klansman in the open street.  The purpose of the spectacle was to humiliate and degrade the plaintiff as well as to extort money from the plaintiff.  Both Bristol and Snook wanted money from the plaintiff as a way to shut them up.  Bristol and Snook were engaged in a classic shakedown maneuver in trying to force the nigger Horton to give them money.  Bristol never made a report or turned it over to the Sheriff because the plaintiff requested a copy of any police notes, records or reports in the week following the lynching.  The sheriff did not provide me with anything.

**Page 3, ¶ 30-32:  Bristol Wrongfully Gave a Copy of the Plaintiff's Driver's License and Kansas State Government Business Card to Snook**

Bristol unlawfully gave a copy of the plaintiff's driver's license and business card to Snook.  There is no law, rule or regulation which authorizes him to give copies of police records to private citizens before a criminal case has been filed.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 22 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Page 3, ¶ 33-46:   All of Bristol's Actions Were Unlawful**

At any and all times herein, Bristol was acting outside of the law and without any legal authority.  The plaintiff was grossly traumatized and harassed by the anti-nigger terrorist attack conducted by Bristol and Snook agains the nigger Horton.  All of Bristol's actions were insulted, degrading, ridiculing and harassing.

**Plaintiff's Cross-Motion For Sanctions**
**Against Defendant Bristol For Filing His**
**Frivolous And Vexations Motion for Sanctions**

COMES NOW the plaintiff in the above entitled case and cross-moves this court for sanctions against the defendant Bristol for filing his frivolous and vexations motion for sanctions.

AND IN support thereof, the plaintiff shows:

Each and every allegation of the defendant is false in support of his motion.

Each and every allegation of the plaintiff is colorable if not completely uncontested.

The plaintiff's complaint was been made in good faith and as there is absolutely no law, rule or regulation that would authorize Bristol to come to the Osborne Library and lynch the plaintiff, the remainder of the plaintiff's complaint would necessarily hinge on his lack of lawful authority in lynching the plaintiff and wrongfully communicating information about the plaintiff to Judith Snook.

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 23 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

WHEREFORE, the plaintiff prays, that the defendant's motion be overruled and that the plaintiff's cross motion be granted.

DATED: November 27, 2006

John D. Horton

## CERTIFICATE OF SERVICE

On the date listed below the plaintiff mailed the forgoing paper via United States Postal Service First Class Mail to the defendants counsel of record listed below.

(For Defendant Bristol)
Allen G. Glendenning
PO BOX 1110
GREAT BEND KS  67530-1110

(For Defendant Kline)
Steve Phillips
120 SW 10TH AVE FL 2
TOPEKA KS  66612-1237

(For Defendant Miner)
Wyatt M. Wright
9200 INDIAN CREEK PKWY STE 450
OVERLAND PARK KS  66210-2017

(For Defendant Schutter)
Eliehue Brunson
120 SW 10TH AVE FL 2
TOPEKA KS  66612-1237

DATED: November 27, 2006

John D. Horton

P Objection to Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999