IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN D. HORTON, )
         Plaintiff, )
)
vs. )   Case No. 06-1219-MLB
)
MICHAEL BRISTOL, NAME UNKNOWN )
VIGILANTE, MOTHER OF NAME UNKNOWN )
VIGILANTE, MARK SCHUTTER, CURT )
MINER, Sheriff, and PHILL KLINE, Kansas )
Attorney General, )
         Defendants. )
_____)

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS
AND RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SANCTIONS**

**Reply**

Plaintiff's response requires very little in reply. The bulk of his response is devoted to an academic discussion of the nature of Rule 11 sanctions.

Plaintiff's discussion of the alleged facts of this case contain no citation whatsoever to anything of evidentiary value in the record. They simply repeat and embellish his previous vitriolic, unsupported allegations and assertions about matters that could not possibly be within his personal knowledge and for which he asserts no basis or support.

On page 14, plaintiff now appears to be quibbling with the issue of whether there was in fact a construction zone, not merely whether it was properly signed. This despite the fact that in his letter to the Attorney General's office (Exhibit A to defendant's original memorandum) he affirmatively stated in footnote 1, "There was a construction zone on U.S. Highway 281 but it lacks signage indicating the length of the construction zone or that a pilot car was being used to guide traffic." He

also alleges that the failure to properly mark the construction zone was due to a reliance upon "Hispanic illegal alien workers," but he cites nothing in the record to suggest how he would know who KDOT relied upon and what their immigration status is or was.

Plaintiff also repeatedly asserts, without burdening the record with any citation to authority, that a city officer can never, under any circumstances, investigate a matter within the county sheriff's jurisdiction.  Plaintiff ignores the expressed statutory authority to the contrary that was pointed out to him in this defendant's memorandum in support of his Motion for Summary Judgment – K.S.A. 22-2401a(2)(b).

Plaintiff spends much time talking about the Ku Klux Klan and accusing Bristol of being a member for no other reason than that Chief Bristol did something plaintiff did not like.  These accusations are absolutely false and not supported by anything that would even make it colorable or indicate a modicum of good faith in making the accusation.

Comparing plaintiff's characterization of his correspondence between himself and the attorney general with the accusations he makes either in his complaint or in the instant response clearly indicates that his characterizations are completely false.  Nowhere in his letter to the attorney general nor in the attorney general's response was any mention made of "niggers", "lynching," or the Ku Klux Klan.

A comparison of the uncontroverted facts established by the exhibits to defendant's Motion for Sanctions and Memorandum in Support of Motion for Summary Judgment with the plaintiff's allegations clearly indicates that plaintiff's allegations have not been asserted in good faith.  His instant response does nothing to dispel that very clear picture as he cites to nothing in the record of

2

evidentiary value but simply continues to spew his vitriol, sometimes even changing it from what he said in his complaint.

For example, in his complaint the plaintiff alleges that the letter from the attorney general indicated that "Nigger lynching was a private matter." In the instant response he asserts that the attorney general's response was that he would not "attempt to impede the Klan by bringing criminal charges against the Klan and especially if they were operating through the normal avenues of activities, namely by putting on the mantle of law enforcement." In fact, the attorney general's letter never mentions lynching, niggers, nor Klansmen.

## RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

First, plaintiff's motion is procedurally inappropriate. Plaintiff has not complied with Federal Rule Civil Procedure 11(c)(1)(A).

In addition, for the reason set forth above and in defendant's Memorandum in Support of Motion for Summary Judgment and Memorandum in Support of His Motion for Sanctions, it is plaintiff who has made bad faith allegations. Certainly, plaintiff has offered nothing to the court of evidentiary value indicating that any pleading authored by the defendant or his attorney comes even close to meeting the requirements for the imposition of sanctions under Rule 11.

          WATKINS CALCARA, CHTD.

          s/  Allen G. Glendenning
              Allen G. Glendenning, #12187
              1321 Main - Suite 300
              P.O. Drawer 1110
              Great Bend, Kansas  67530
              (620) 792-8231
              aglenden@wcrf.com
              Attorneys for Defendant Michael Bristol

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of December, 2006, I electronically filed the above and foregoing Reply in Support of Motion for Sanctions and Response to Plaintiff's Cross Motion for Sanctions with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:  Eliehue Brunson, Wyatt M. Wright, Wendell F. Cowan, and Stephen O. Phillips.  I further certify that I mailed the above and foregoing Reply in Support of Motion for Sanctions and Response to Plaintiff's Cross Motion for Sanctions and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

    John D. Horton
    General Delivery
    Jobstown, NJ  08041-9999
        Pro Se

                                s/  Allen G. Glendenning
                                  Allen G. Glendenning, #12187