UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**FILED**

DEC 1 1 2006

RALPH L. DeLOACH, CLERK
By _____ Deputy

|  |  |  |
|---|---|---|
| John D. Horton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Michael Bristol et al., | ) | 06-1219-MLB-KHM |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO PART 3
OF THE COURT'S ORDER DATED NOVEMBER 22, 2006
BEING AN OBJECTION BY THE PLAINTIFF
TO DEFENDANT BRISTOL'S  MOTION FOR SUMMARY JUDGMENT
&
PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST BRISTOL**

COMES NOW the plaintiff in the above entitled case and here
enters his third response to this court's order dated November 22, 2006,
being the plaintiff's objection to defendant Bristol's motion for summary
judgment, and further, enters the plaintiff's cross-motion for summary
judgment against the defendant Bristol.

AND IN SUPPORT THEREOF, the plaintiff shows:

**Introduction**

This is a classic case of an abuse of the federal court system for
the purpose of covering-up and excusing acts of anti-nigger terrorism by
the Ku Klux Klan and the local Vigilance Committee of Osborne County,

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 1 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Kansas which is dedicated to the lynching of niggers who may have haplessly wondered into their territory.  The plaintiff's complaint is riddled with the burning truth which is extremely distasteful to the Klan to have exposed to the light of day.  The claims of the plaintiff are all made on personal knowledge, information and reasonable belief of the plaintiff.

### Facts

1.  Plaintiff was a librarian for the Larned State Hospital, Larned KS.

2.  On May 8, 2006, the plaintiff was traveling north from Larned KS to Osborne KS to attend a meeting of the Central Kansas Library System which was being held at Osborne KS.

3.  South of the City of Osborne, in the County of Osborne, and outside of the law enforcement jurisdiction of defendant Bristol, plaintiff encountered a construction zone being operated by the Kansas Department of Transportation.  Due to the fact that the Kansas Department of Transportation appears to hire illegal aliens who cannot read, write or understand English, signs indicating the length of the construction zone, signs indicating that a pilot car was in use and signs indicating that only one lane of traffic was in use, were missing.

4.  Plaintiff was the third vehicle which the plaintiff observed in a line of car with Andy Snook immediately in front of the plaintiff and a semi-tractor trailer[1] in the lead.  The plaintiff did not have visual contact with the

---

[1] Commonly referred to as an 18 wheeler at the

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 2 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

pilot car and there never was posted a sign indicating that there was a pilot car.

5.  Andy Snook went to his personal friend and acquaintance, defendant Bristol and asked his assistance in lynching a nigger[2] whom Snook had observed riding into the dusty, one-horse town of Bristol, Kansas.  Bristol was never contacted by the Sheriff because Snook never went to the Sheriff.  Bristol's assertion that the Sheriff was involved is nothing more than self-serving hearsay which must be stricken as testimony.

6.  Bristol did more than meet Andrew Snook.  Snook was a long time friend and acquaintance of Bristol who Bristol had arrested numerous times for being a crackhead and wife beater.  Bristol's interest in the case was more out of respect for Snook's father, a retired Kansas Highway Patrol officer, than any interest in the irrational rantings of a lunatic crackhead like Andrew Snook.

7.  Snook advised Bristol that a nigger[3] had come into town and that the local Ku Klux Klan and Vigilance Committee needed to be called up to deal with the nigger problem.  Snook never advised Bristol that there were no signs indicating that a pilot car was in use.  Snook never advised Bristol that there were no signs indicating the length of the construction zone.  Snook never advised Bristol that there were no signs indicating that

_____

[2] Plaintiff herein.
[3] Id.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 3 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

only one lane of traffic was in use and that there was a no-passing zone for over 20 miles passed the area of actual construction on the highway by the illegal aliens employed by the Kansas Department of Transportation.

8.  Snook, as a convicted felon and crackhead, had nothing better to do on a weekday morning than go joy-riding with his daughter being subjected to his intoxicated behavior.

9.  Snook, advised Bristol that he had stalked the nigger and so that he was holed up in the Osborne Public Library.

10.  Snook, wildly denounced the nigger and proclaimed white-power throughout Osborne in the name of Timothy McVeigh and all other secessionist and white militia movements.

11.  Snook wanted the nigger lynched and killed proclaiming that no nigger has a right to ride around in a state government vehicle as long as Snook is a convicted felon and crackhead.

12.  Neither Snook nor Bristol ever made contact with the Osborne County Sheriff because this was not about law enforcement but about lynching a nigger who had entered white-mans territory.

13.  Bristol, without any authorization of law, rule or regulation, unlawfully and wrongful broke into and disrupted a meeting of the Central Kansas Library System being held at the Osborne Public Library for the purpose of lynching the nigger Horton.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 4 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

14. Bristol, most definitely entered the Osborne Public Library and disrupted the meeting of the Central Kansas Library System which consisted of approximately 20 library personnel from various libraries in the central part of Kansas.

15. As Bristol had no lawful authority to be in the library, his presence was in and of itself disruptive of the librarians meeting.

16. The plaintiff was forced outside by the gun toting nigger hater Bristol.

17. Bristol wanted to know what the hell a nigger was doing up in the white man library with all the white women inside.

18. The plaintiff attempted to figure out who this stupid goober[4] was who kept babbling about a nigger having been spotted coming into town and wanting to know why he was hanging around the white man's library.

19. Bristol forced the nigger Horton back to the city police station not back to the Sheriff's Office.

20. Plaintiff never agreed to talk to Snook but was forced by Bristol to be subjected to an anti-nigger rant by Snook.

21. Bristol drove his car back to the city police station.

22. Bristol never contacted the sheriff's office and in any event, there is no law, rule or regulation which authorizes the sheriff to delegate his authority to local law enforcement in non-emergency situations.

---

[4] Bristol.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 5 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

23.  Bristol was never authorized by the sheriff to do anything.

24.  Bristol forced the plaintiff to endure verbal abuse and an assault by Snook against the plaintiff.

25.  Bristol allowed Snook to thoroughly degrade, humiliate, embarrass, shame and frighten the nigger Horton.

26.  Snook was allowed by Bristol to mock, ridicule and insult the nigger Horton.

27.  The plaintiff never apologized for anything because the nigger Horton had never done anything wrong.  If Snook was really concerned about highway safety, he would have complained to the Kansas Department of Transportation and told them to install the appropriate road signs indicating the length of the construction zone, that a pilot car was in use and that only one lane of traffic was in use.

28.  Bristol wrongfully and illegal acquired a copy of the plaintiff's driver's license.

29.  Bristol was not authorized to investigate the case under any law, rule or regulation.

30.  Bristol forced the plaintiff to turn over his driver's license.

31.  Bristol forced the plaintiff to turn over his driver's license.

32.  Bristol was always watching the plaintiff as he walked to his car.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 6 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

33. Bristol illegally took a copy of the plaintiff's state government business card. Eventually, both the driver's license and the business card were provided to Snook and his mother.

34. Bristol was not authorized to provide any information about the plaintiff to Snook so that he could engage in any further anti-nigger rampaging.

35. Bristol went into the city police department to make a copy of the plaintiff's driver's license and business card.

36. Snook then assaulted the plaintiff and Bristol did nothing about it.

37-61. At the next meeting of the Ku Klux Klan it was decided that the nigger Horton would be further harassed by having Snook's mother write an anti-nigger hate letter to the nigger's employer in an attempt to get him fired.

**Enforcement of Federal Rights**

One provision of the Reconstruction-era civil-rights act, 42 U.S.C. § 1985, forbids conspiracies to interfere with civil rights by:

1. preventing a federal officer from performing his or her duties;

2. obstructing justice by intimidating a party, witness, or juror;

3. depriving persons of rights or privileges, including the right to equal protection of the laws and the right to vote.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 7 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

If one or more person engaged in such a conspiracy cause to be done any act in furtherance of the object of such conspiracy, whereby another is injured in his or her person or property or deprived of having an exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.[5]

42 U.S.C. § 1985 creates no separate rights but confers remedies for enforcement of rights arising under the Constitution or federal law and makes a grant of federal jurisdiction to hear such cases.[6]

42 U.S.C. § 1986, dealing with actions for neglect or refusal to prevent conspiracies to interfere with civil rights, is derivative of 42 U.S.C. § 1985 and provides a remedy for persons injured by the neglect or refusal of those having the power to do so to prevent the wrongs specified in § 1985.

In the instant case, the nigger Horton had the right to have his criminal complaint investigated by Miner and this would have occurred except for the wrongful conspiracy among Miner, Bristol and Snook to lynching the nigger Horton.

---

[5] 42 U.S.C. § 1985.
[6] Howard v. State Dept. of Highways of Colorado, 478 F.2d 581 (10th Cir. 1973).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 8 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Jurisdiction and Venue

District courts have original jurisdiction of any civil action authorized by law to be commenced by any person:  (1) to recover damages for injury to the person or property, or, because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in 42 U.S.C. § 1985;[7]  and (2) to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in 42 U.S.C. § 1985 which the person had knowledge were about to occur and which the person had power to prevent.[8]

Jurisdiction is provided over the actions of private person by 28 U.S.C. § 1943(a)(1) (a)(2), since 42 U.S.C. § 1985(3) is a valid exercise of congressional power under the Thirteenth Amendment to create a statutory cause of actions for people who have been the victims of private, conspiratorial action aimed at depriving them of their civil rights.[9]

## Specific Facts

The plaintiff in a civil-rights action brought pursuant to 42 U.S.C. § 1985 must plead facts with specificity.[10]  All that can be required at the pleading stage is that a defendant be given notice of how he or she is

---

[7] 28 U.S.C. § 1343(a)(1).
[8] 28 U.S.C. § 1343(a)(2).
[9] Griffin v. Breckenridge, 403 U.S. 88 (1971).
[10] Martin v. Delaware Law School of Widener University, 625 F. Supp. 1288 (D. Del. 1985);  Holdiness v. Stroud, 808 F.2d 417 (5th Cir. 1987).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 9 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

alleged to have participated in the conspiracy so that the defendant

may intelligently prepare an answer and defense.[11]

## Conspiracy

In order to maintain an action under 42 U.S.C. § 1985, a plaintiff

must provide some factual basis supporting a meeting of the minds, such

that defendants entered into an agreement, express or tactit, to achieve

the unlawful end.[12]

A complaint under 42 U.S.C. § 1985 satisfies the requirement it

alleges that there is discrimination against a well-defined class[13] and that

such discrimination affects a traditionally disadvantaged group, is

irrational, or unnecessarily burdens the plaintiff's exercise of a

fundamental right.[14]

## State Action

In Griffin[15] the Supreme Court, interpreting 42 U.S.C. § 1985(3),

determined that the statute reaches purely private conspiracies aimed at

interfering with rights constitutionally protected against private, as well as

official, encroachment, observing that the language of the provision

referring to deprivation of "equal protection" or of "equal privileges and

immunities" does not require that the action working the deprivation come

---

[11] Waller v. Butkovich, 584 F. Supp. 909 (M.D. N.C. 1984).
[12] Webb v. Goord, 340 F.3d 105 (2d Cir. 2003).
[13] In this case Hispanics.
[14] Santiago v. City of Philadelphia, 435 F. Supp. 136 (E.D. Pa. 1977).
[15] Griffin v. Breckenridge, 403 U.S. 88 (1971).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 10 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

from the state.[16]  In <u>Griffin</u>, the court held that an action could be maintained under § 1985(3) against a conspiracy to deprive the plaintiff of rights protected by the Thirteenth Amendment and the right to travel guaranteed by the Federal Constitution, which involved purely private action and interference with those rights.[17]

In the instant case, the defendants Snook and Bristol obstructed the nigger Horton's right of travel, and Miner refused to investigate the lynching of the nigger Horton by Snook and Bristol out of Miner's deference to them.

### Motion to Dismiss and for Summary Judgment

While the general rules relating to Fed. R. Civ. P. 12(b) motion to dismiss apply in civil-rights actions,[18] Fed. R. Civ. P. 12(b) dismissals, especially Fed. R. Civ. P. 12(b)(6) dismissals for failure to state a claim upon which relief can be grated, are scrutinized with special care in civil-rights actions.[19]  Mere technical defects in a pleading will not provide a basis for dismissal.[20]  The court must presume all factual allegations of the complaint to be true[21] and draw all reasonable inferences in favor of the nonmoving party.[22]  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the

---

[16] <u>Id</u>.
[17] <u>Id</u>.
[18] <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696 (9th Cir. 1988).
[19] <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir. 1986).
[20] <u>John v. State of La. Through Bd. Of Trustees for State Colleges & Universities</u>, 764 F.2d 1183 (5th Cir. 1985).
[21] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).
[22] <u>Usher v. City of Los Angeles</u>, 828 F.2d 556 (9th Cir. 1987).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 11 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

claim.[23]  The general rules that the court is bound to construe the

complaint favorably to the pleader[24] and should not dismiss the complaint

unless it appears beyond doubt that the plaintiff can prove no set of facts

which would entitle the plaintiff to relief, apply with particular force in

actions brought under the Civil Rights Act.[25]  A suit cannot be dismissed

for lack of subject-matter jurisdiction because the plaintiff has failed to

raise a substantial constitutional question unless the cause of action is so

patently without merit as to justify the court's dismissal for want of

jurisdiction.[26]  Even a flawed complaint must be construed as to do

substantial justice.[27]  Moreover, the court may allow the complaint to be

amended, so that jurisdiction is properly alleged under 28 U.S.C. § 1343.[28]

On a motion made in a district court by a defendant to dismiss on

qualified immunity grounds, it is the defendant's conduct as alleged in the

complaint that is scrutinized for objective legal reasonableness.[29]

In a civil-rights action, a district court errs in treating the defendant's

motion to dismiss as a motion for summary judgment without giving the

plaintiff a reasonable opportunity to submit affidavits or other material to

---

[23] Id.

[24] Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984);  Wilson v. Winstead, 470 F. Supp. 271 (E.D. Tenn. 1978).

[25] Neitzke, Supra.

[26] Patten v. Beauchamp, 599 F. Supp. 288 (D.N.D. 1984).

[27] Durham v. Parks, 564 F. Supp. 244 (D. Minn. 1983).

[28] Burris v. State Dept. of Public Welfare of South Carolina, 491 F.2d 762 (4th Cir. 1974); Harkless v. Sweeny Independent School Dist. Of Sweeny, Tex., 554 F.2d 1353 (5th Cir. 1977).

[29] Behrens v. Pelletier, 516 U.S. 299 (1996).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 12 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

contradict the materials filed by defendants, and without giving plaintiff notice of the consequences of failing to respond.[30]

In denying a dismissal motion based on a claim of qualified immunity, a district court should state for the record its reasons for denying immunity.[31]

Under Fed. R. Civ. P. 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert the plaintiff to the legal theory underlying the defendant's challenge and enable the plaintiff to respond by opposing the motion to dismiss on legal grounds or by clarifying the factual allegations so as to confirm with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case.[32]

### Pro Se Plaintiff

When faced with a motion to dismiss in a civil-rights case, the court will give the pleadings of a pro se plaintiff especially lenient treatment.[33] Dismissal is allowed only if it appears beyond doubt that the pro se civil-rights plaintiff can prove no set of facts in support of his or her claim which

---

[30] Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).
[31] Morin v. Caire, 77 F.3d 116 (5th Cir. 1996).
[32] Neitzke, Supra.
[33] Waller v. Butkovich, 605 F. Supp. 1137 (M.D. N.C. 1985).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 13 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

would entitle the plaintiff to relief.[34]  This means that before the court dismisses the complaint of a pro se plaintiff, the party will be given an opportunity to offer evidence or to further particularize the claim.[35]

In the instant case, the plaintiff has clearly asserted a claim that Miner enterred into a conspiracy with Snook and Bristol whereby Miner would refuse to investigate a criminal complaint filed by the nigger Horton alleging that he was kidnapped, lynched and tortured by Klansmen Bristol and Snook.

### On Qualified Immunity Grounds

When a civil-rights defendant claims entitlement to summary judgment as a matter of law on the basis of qualified immunity, opposing plaintiff, to avoid summary judgment, must either demonstrate that defendant is not entitled legally to qualified immunity or show a genuine issue of material fact which impinges upon a decisive question of law.[36] Summary judgment on qualified immunity is not proper unless the evidence permits only one reasonable conclusion;  where conflicting inferences may be drawn from the facts, the case must go the jury.[37] Summary judgment in favor of defendant on the basis of qualified immunity is also not appropriate if there is a genuine factual dispute

---

[34] McCormick v. City of Chicago, 230 F.2d 319 (7th Cir. 2000);  Weixel v. Board of Educ. Of City of New York, 287 F.3d 138 (2d Cir. 2002);   Deravin v. Kerik, 335 F.3d 195 (2d Cir. 2003).
[35] Waller, Supra.
[36] Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1990).
[37] Munger v. City of Glasgow Police Dept., 227 F.3d 1082 (9th Cir. 2000).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 14 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

relating to whether defendant committed acts that allegedly violated plaintiff's clearly established rights,[38] or whether the defendant's actions were objectively unreasonable.[39]  On a motion made in district court by a defendant for summary judgment on qualified immunity grounds, the plaintiff cannot rest on the pleadings.[40]  The court looks to the evidence before it, in the light most favorable to the plaintiff,[41] assuming the truth of plaintiff's allegations.[42]  The judge appropriately may determine, not only the currently applicable law, but also whether that law was clearly established at the time the defendant's alleged acts occurred;  until this threshold immunity question is resolved, discovery should not be allowed.[43]

There is authority that when a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test:  first, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right;  second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.  Under this approach, if and only if the plaintiff establishes both elements of the applicable test does a defendant then bear the traditional

---

[38] Dean v. Byerley, 354 F.2d 540 (6th Cir. 2004).
[39] Ribbey v. Cox, 222 F.3d 1040 (8th Cir. 2000).
[40] Behrens, Supra.
[41] Behrens, Id.
[42] Crawford-El v. Britton, 523 U.S. 574 (1998).
[43] Siegert v. Gilley, 500 U.S. 226 (1991).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 15 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

burden of showing that there are no genuine issues of material fact that the he or she is entitled to judgment as a matter of law.[44]

When the trial court considers matters outside the pleadings, the motion to dismiss should be treated as a motion for summary judgment and the proceedings must comport with the hearing and notice requirements of Fed. R. Civ. P. 56(c).[45]

The immunity of the states from suit in the federal courts, as guaranteed by the Eleventh Amendment, is not overridden by 42 U.S.C. § 1983.[46] This immunity extends also to agents or "arms" of the state for the purpose of § 1983 actions.[47] State agencies or governmental entities which have been found to partake of the state's Eleventh Amendment immunity from § 1983 actions include state courts,[48] state public defender systems,[49] departments of education,[50] departments of correction,[51] departments of environmental management,[52] and state universities.[53] A suit against a state official sued in his official capacity is in reality a suit

---

[44] Whitesel v. Sengenberger, 222 F.3d 861 (10th Cir. 2000).
[45] Partridge v. Two Unknown Police Officers of City of Houston, Tex., 791 F.2d 1182 (5th Cir. 1986).
[46] Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).
[47] Doe By and Through Doe v. Pataluma City School Dist., 830 F. Supp. 1560 (N.D. Cal. 1993).
[48] Oliver v. Superior Court of Plymouth County, 799 F. Supp. 1273 (D. Mass. 1992).
[49] Hendrix v. Indiana State Public Defender System, 581 F. Supp. 31 (N.D. Ind. 1984).
[50] ICR Graduate School v. Honig, 758 F. Supp. 1350 (S.D. Cal. 1991).
[51] Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993).
[52] Rodenbeck v. State of Ind., 742 F. Supp. 1442 (N.D. Inc. 1990).
[53] Ndefru v. Kansas State University, 814 F. Supp. 54 (D. Kan. 1993).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

against the state, and therefore a state official sued in his official capacity enjoys Eleventh Amendment immunity against suit.[54]

In the instant case, none of the foregoing applies because Schutter has been sued in his "individual capacity" and therefore no immunity issue is implicated.

Counties and county officials[55] and municipalities[56] have been held not covered by Eleventh Amendment immunity against § 1983 actions.

Qualified immunity is the most common immunity defense asserted in actions brought under 42 U.S.C. § 1983.  State and local official who carry out executive and administrative functions and are sued for monetary relief in their personal capacities may assert this defense.  In 1982 the Supreme Court in Harlow v. Fitzgerald[57] established the governing test for qualified immunity, namely, whether the official violated clearly established federal law.

The Supreme Court in Harlow sought to simplify the qualified immunity defense by defining the immunity in wholly objective terms, namely, whether the official violated clearly established federal law.  The essential idea and goal was that this seemingly straightforward defense normally could be decided as a matter of law early in the litigation.[58]

---

[54] Gangloff v. Poccia, 888 F. Supp. 1549 (M.D. Fla. 1995).
[55] Franklin v. Zaruba, 150 F.3d 682 (7th Cir. 1998).
[56] Id.
[57] 457 U.S. 800 (1982).
[58] See, e.g. Hunter v. Bryant, 112 S. Ct. 534 (1991).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 17 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

This has not worked as the Supreme Court envisioned they would. Far from simplifying matters, the <u>Harlow</u> immunity standard and the <u>Mitchell</u> right of interlocutory appeal have given rise to innumerable difficult issues and problems. The overriding problem has been the Supreme Court's insistence that the qualified immunity defense be decided as a matter of law, in the face of the reality, that frequently, factual issues must first be resolved in order to determine whether the official violated clearly established federal law.[59] Then too, the law may be clear but its application to particular facts may be unclear.[60] It is one thing for a court to apply an objective legal standard once the facts are found. The law routinely operates this way. It is quite another matter, however, to apply an objective legal standard before the facts are found.

There have been other significant recurring difficulties surrounding the <u>Harlow</u> defense as well. For example, the Supreme Court has provided very little guidance on how to evaluate whether the federal law was "clearly established." As a result, the circuit courts are not in accord as to what body of law should be considered, and "[e]ven within the same circuit, there is not always agreement on whether the contours of the right have been clearly established."[61] Furthermore, application of <u>Harlow's</u> purely objective standard has been especially awkward in cases where

---

[59] K. Blum, *Qualified Immunity: A User's Manual*, <u>Ind. L. Rev.</u> 187 (1993).
[60] "[T]he difficulty for all judges with qualified immunity has not been articulation of the rule, but rather the application of it." <u>Flatford v. City of Monroe</u>, 17 F.3d 162, 166 (6th Cir. 1994).
[61] Blum, <u>Supra</u>.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 18 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

intent or motive is an element of the constitutional claim, as well as in cases where objective reasonableness is itself the constitutional standard.[62]

The courts have disagreed about how the immunity defense should be handled procedurally, including whether any special pleading and motion burdens should be imposed upon the plaintiff. It is often far from clear whether an interlocutory appeal from a district court's denial of qualified immunity turns on an issue of law, an issue of fact, or mixed issues of law and fact. Even assuming that there is a right of immediate appeal, there is much disagreement over the issues that can be raised on appeal.

These and other issues surrounding the Harlow qualified immunity defense have generated an enormous body of decisional law. The defense has been the subject of eleven post-Harlow Supreme Court decisions attempting to flesh out the contours an nuances of the qualified immunity defense.[63] A vast body of circuit court decisional law exists as well.

---

[62] See, e.g., Anderson v. Creighton, 483 U.S. 635 (1987).

[63] See, Behrens v. Pelletier, 116 S. Ct. 834 (1996); Johnson v. Jones, 115 S. Cit. 2151 (1995); Swint v. Chambers County Comm'n, 115 S. Ct. 1203 (1995); Elder v. Holloway, 114 S. Ct. 1019 (1994); Wyatt v. Cole, 112 S. Ct. 1827 (1992); Hunter v. Bryant, 112 S. Ct. 534 (1991); Seigert v. Gilley, 500 U.S. 226 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, 475 U.S. 335 (1986); Davis v. Scherer, 468 U.S. 183 (1984); Mitchell v. Forsyth, 472 U.S. 511 (1985).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 19 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

### Suits Against State Official in Their Individual Capacities

An action in federal court under 42 U.S.C. § 1983 brought against a state official in his individual capacity, rather than his official capacity, is not barred by the Eleventh Amendment.[64]  This is so even though the state may ultimately reimburse the official with respect to any judgment paid by him.[65]

### Suits Against State Officials in Their Official Capacities Which Seek Only Declaratory or Injunctive Relief

An action in federal court under 42 U.S.C. § 1983 against a state official in his official capacity, which seeks only declaratory or injunctive relief, is not barred by the Eleventh Amendment,[66] as such actions are not treated as actions against the state.[67]

### Immunity of Private Person Conspiring With Immune Official

The U.S. Supreme Court has held that where a private person is found to have acted under color of state law in conspiring with a state official, the fact that the state official is immune from suit under 42 U.S.C.

---

[64] Hafer v. Melo, 502 U.S. 21 (1991). "Because personal-capacity civil rights suits can be executed only against the official's personal assets, such suits do not extend any form of liability to the state, and so the Eleventh Amendment is not implicated even though the official is a public official and acted under color of state law." Hodgson v. Mississippi Dept. of Corrections, 963 F. Supp. 776 (E.D. Wis. 1997).

[65] Berman Enterprises, Inc. v. Jorling, 3 F.3d 602 (2d Cir. 1993).

[66] Harris v. Angelina County, Tex., 31 F.3d 331 (5th Cir. 1994). The Eleventh Amendment barred a former employee's claims under 42 U.S.C. § 1983 against state officials in their official capacities, for allegedly discharging her in violation of her free speech and due process rights, to the extent that such claims sought money damages, but not to the extent they sough her reinstatement. Fry v. McCall, 945 F. Supp. 655 (S.D.N.Y. 1996).

[67] Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 20 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

§ 1983 arising from the conspiracy does not entitle the private party who conspired with him to immunity from such a suit.[68]

This holding has given rise to other opinions holding generally that a private person who conspires with an immune state officer in a manger actionable under § 1983 does not enjoy any immunity from suit by virtue of his co-conspirator's immunity.[69]

### Qualified Immunity:  Additional Analysis

The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for damages in actions under 42 U.S.C. § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[70]  In order to overcome the defense of qualified immunity in a action for civil damages from a government official performing discretionary functions, the plaintiff is required to show that the official violated clearly established statutory or constitutional rights of which a reasonable person would have known.[71] The objective reasonableness of the act at issue is assessed in light of the legal rules that were clearly established at the time it was taken.[72]

The qualified immunity doctrine is intended to strike a balance between those compensating those who have been injured by official

---

[68] Dennis v. Sparks, 449 U.S. 24 (1980).
[69] Goadby v. Philadelphia Elec. Co., 639 F.2d 117 (3d Cir. 1981).
[70] Wilson v. Layne, 526 U.SA. 603 (1999);  Buckley v. Fitzsimmons, 509 U.S. 259 (1993).
[71] Conn v. Gabbert, 526 U.S. 286 (1999).
[72] Wilson v. Layne, 526 U.S. 603 (1999).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 21 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

action and protecting the government's ability to perform its traditional functions.[73]  The doctrine seeks to ensure that public officials reasonably can anticipate when their conduct may give rise to liability, by attaching liability only if contours of a right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right.[74]  The availability of qualified immunity to government officials ensures that they can perform their duties free from the specter of endless and debilitating lawsuits.[75]

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[76]  Under the court's two-part test for evaluating qualified immunity, the plaintiff must show (1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established at the time of the alleged violation.[77]  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[78]  Unless both prongs

---

[73] Wyatt v. Cole, 504 U.S. 158 (1992).
[74] U.S. v. Lanier, 520 U.S. 259 (1997).
[75] Torchinsky v. Siwinski, 942 F.2d 257 (4th Cir. 1991).
[76] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
[77] Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th Cir. 1998); accord Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 516 (10th Cir. 1998).
[78] Anderson v. Creighton, 483 U.S. 635, 640 (1987).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 22 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

are satisfied, the defendant will not be required to "engage in expensive and time consuming preparation to defend the suit on its merits."[79]

      In the instant case, Miner entered into a conspiracy with Bristol and Snook whereby Miner refused to investigate the lynching of the nigger Horton as a favor to his friends Klansman Bristol and Snook.

### When is Right "Clearly Establish"?

      In determining whether a statutory or constitutional right is clearly established, for the purposes of the qualified immunity doctrine, a court must determine whether the contours of the right at the time of the alleged violation were sufficiently clear, in the light of preexisting law, that a reasonable person in the defendant's position would have understood that his conduct violated that right.[80] To defeat a claim of qualified immunity, it is not necessary for the precise conduct of the defendant to have been previously held unlawful, as long as its unlawfulness was apparent under preexisting law.[81] Thus, the unlawfulness of the alleged conduct can be established even though the very act in question had not at that time been held to be a constitutional violation.[82] However, even though prior cases involving the exact fact pattern of the instant case are not required for a

---

[79] Siegert v. Gilley, 500 U.S. 226, 232 (1991).

[80] Brown v. Hot, … and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995).

[81] Canell v. Oregon Dept. of Justice, 811 F. Supp. 546 (D. Or. 1993).

[82] Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 23 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

finding that a right was clearly established at the time of its alleged violation, case law in a closely analogous area is essential.[83]

In the instant case, the plaintiff was stalked by defendant Andy Snooker because the plaintiff is a nigger.  Snooker then conspired with defendant Bristol to go and lynch the nigger Horton.  Contrary to Bristols's lies, Bristol was never authorize to investigate any county matter as the law that governs[84] applies only to cases of extreme necessity and certainly does not apply where the objective of the defendant's was simply to lynch and torture the nigger Horton.  Miner acted wrongfully in refusing to investigate the lynching performed by Bristol.  Kline acted wrongfully in refusing to investigate the lynching performed by Bristol.  It was objectively unreasonable for the defendant's to conspire in an act of anti-nigger terrorism against the plaintiff.

### Presentation and Resolution of Immunity Issues

The availability of immunity may be resolved by way of motion for summary judgment where possible,[85] although where a factual questions material to the issue exists, the issue cannot be thus resolved.[86]

It has been said that while the existence of absolute immunity may properly be raised and determined by way of a motion to dismiss, a claim of qualified immunity presents mixed questions of fact and law, which are

---

[83] Conner v. Reinhard, 847 F.2d 384 (7th Cir. 1988).
[84] Law enforcement mutual assistance to neighboring jurisdictions.
[85] Vacca v. Barletta, 753 F. Supp. 400 (D. Mass. 1990).
[86] Builloty-Perez v. Fuentes-Agostini, 196 F.3d 293 (1st Cir. 1999).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 24 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

better suited for resolution by way of a motion for summary judgment made after the relevant facts have been sufficiently developed.[87]

### Burden of Pleading With Respect to Qualified Immunity

Qualified immunity is an affirmative defense and must be pleaded by one who asserts it.[88]  Once a defendant has raised the issue of qualified immunity, the burden shifts to the plaintiff to come forward with allegations showing that the right allegedly violated by the defendant was a clearly established right for the purposes of the qualified immunity doctrine.[89]  The court may order the plaintiff to file a reply tailored to the defendant's assertion of qualified immunity,[90] containing specific, non-conclusory allegations of fact sufficient to allow the court to determine that those facts, if proved, demonstrate that the official actions taken were not objectively reasonable in the light of clearly established law.[91]

### Assertion of Qualified Immunity by Officials Performing Executive and Administrative Functions; Nature and Purpose of Defense

Most public officials carry out executive and administrative functions for which they enjoy qualified immunity from personal liability for money damages.  These officials are protected from personal monetary liability so long as their actions do not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have

---

[87] Darrar v. Bourke, 910 P.2d 572 (Wyo. 1996).
[88] Satchell v. Dilworth, 745 F.2d 781 (2d Cir. 1984).
[89] Poe v. Haydon, 853 F.2d 418 (6th Cir. 1988).
[90] Shipp v. McMahon, 199 F.3d 256 (5th Cir. 2000).
[91] Williams v. City of Montgomery, 21 F. Supp. 2d 1360 (M.D. Ala. 1998).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 25 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

known."[92] This standard, which turns on the "objective legal reasonableness" of the official's conduct,[93] protects "all but the plainly incompetent or those who knowingly violate the law."[94]

Qualified immunity seeks to reconcile two important competing considerations. On the one hand, there is an interest in providing compensation to persons whose federally protected rights have been violated. "When governmental officials abuse their offices, 'action[s] for damages may offer the only realistic avenue for vindication of constitutional guarantees.'"[95] A prime purpose of § 1983 is the provision of compensation to those whose federally protected rights have been violated by state and local officials.[96] Because qualified immunity is considered an immunity from suit, a district court's denial of qualified immunity is immediately appealable to the court of appeals so long as the immunity defense presents sole a question of law.[97] These interlocutory appeals have been pursued by officials in records numbers and have had a dramatic impact upon the litigation of § 1983 damage claims.

---

[92] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); See also, Elder v. Holloway, 114 S. Ct. 1019 (1994); Hunter v. Bryant, 112 S. Ct. 534 (1991); Seigert v. Gilley, 500 U.S. 226 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, 475 U.S. 335 (1986); Mitchell v. Forsyth, 472 U.S. 511 (1985).
[93] Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982).
[94] Malley v. Briggs, 475 U.S. 335, 341 (1986). Accord Anderson v. Creighton, 483 U.S. 635, 638 (1987).
[95] Id. at 638 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982)).
[96] See, e.g., Owen v. City of Independence, 445 U.S. 622, 651 (1980); Robertson v. Wegmann, 436 U.S. 584, 590-91 (1978); Carey v. Piphus, 435 U.S. 247, 256-57 (1978).
[97] Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Johnson v. Jones, 115 S. Ct. 2151 (1995).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 26 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

### Harlow/Anderson Objective
### Reasonable Test

The essence of qualified immunity is that state and local officials

who carry out their executive and administrative functions without violating

clearly established federal law will be protected against § 1983 monetary

liability.  This seemingly straightforward concept has given rise to

numerous difficult issues.

In 1975 the Supreme Court in Wood v. Strickland[98] defined

qualified immunity in terms of both objective and subjective good faith.

The Court in Wood ruled that

> a school board member is not immune from liability for
> damages under § 1983 if he knew or reasonably should
> have known that the action he took within his sphere of
> official responsibility would violate the constitutional rights of
> the student affected, or if he took the action with the
> malicious intention to cause a deprivation of constitutional
> rights or other injury to the student.[99]

Under Wood, the objective element involved "a presumptive

knowledge of and respect for 'basic, unquestioned constitutional rights,'"

and the subject element referred to the official's actual state of mind or

intentions.[100]  An official who failed either part of this test was not

protected by qualified immunity.

---

[98] 420 U.S. 308 (1975).

[99] Id. at 322.

[100] Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982) (quoting Wood v. Strickland, 420 U.S. 308, 322 (1975)).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 27 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

In 1982 the Supreme Court in Harlow v. Fitzgerald[101] reevaluated the two-prong Wood standard.  Harlow was not a § 1983 action, but a Bivens-type action against federal officials.  The court made clear, however, that its analysis of the qualified immunity standard was fully applicable to state and local officials sued under § 1983 because there is no reason to distinguish for purposes of qualified immunity between suits against state and local officials under § 1983 and suits brought directly under the Constitution against federal officials.[102]

The Court in Harlow found that the subjective component of the two-pronged Wood test "frequently has proved incompatible with our admonition in Butz [v. Economou] that insubstantial claims should not proceed to trial."[103]  This is because subjective intent is a factual question that "rarely can be decided by summary judgment," "may entail broad-ranging discovery and the deposing of numerous persons, including an official's professional colleagues," and normally requires a trial to resolve.[104]  Because these inquires "can be peculiarly disruptive of effective government,"[105] the Court determined that there should be an "adjustment" of the Wood v. Strickland standard.[106]

---

[101] 457 U.S. 800 (1982).
[102] Id. at 818 n. 30.  Accord Malley v. Briggs, 475 U.S. 335, 340 n. 2 (1986);  Butz v. Economou, 438 U.S. 478, 504 (1978).  See also Anderson v. Creighton, 483 U.S. 635 (1987);  Davis v. Scherer, 468 U.S. 183 (1984).
[103] Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982).  See also, Butz v. Economou, 438 U.S. 478, 504 (1978).
[104] Harlow v. Fitzgerald, 457 U.S. at 816-17.
[105] Id. at 817.
[106] Id. at 815.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 28 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

The adjustment involved "defining the limits of qualified immunity essentially in objective terms,"[107] so that "bare allegations of malice" will no longer "suffice to subject government officials either to the costs of trial or to the burden of broad-reaching discovery."[108] The <u>Harlow</u> Court thus held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[109] The "objective reasonableness" standard formulated in <u>Harlow</u> "is intended to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages.'"[110] If the law at the time of the alleged wrong is not clearly established, the official "could not reasonably by expected to anticipate subsequent legal developments, nor could he be said to 'know' that the law forbade conduct not previously identified as unlawful.[111] The objective reasonableness standard "provides ample protection to all but the plainly incompetent or those who

---

[107] <u>Id</u>. at 819.

[108] <u>Id</u>. at 817-18.

[109] <u>Id</u>. at 818. Accord <u>Elder v. Holloway</u>, 114 S. Ct. 1019 (1994);  <u>Hunter v. Bryant</u>, 112 S. Ct. 534 (1991);  <u>Seigert v. Gilley</u>, 500 U.S. 226 (1991);  <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987);  <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

[110] <u>Anderson v. Creighton</u>, 483 U.S. 635, 647 (1987) (quoting <u>Davis v. Scherer</u>, 468 U.S. 183, 195 (1984)).

[111] <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982);  Accord <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 535 (1985);  <u>Pierson v. Ray</u>, 386 U.S. 547, 557 (1967) (a "police officer is not charged with predicting the future course of constitutional law").

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 29 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

knowingly violate the law."[112]  On the other hand, the <u>Harlow</u> standard

provides "no license to lawless conduct" because officials who engage in

conduct that violates clearly established federal law are exposed to

personal liability.[113]

In <u>Anderson v. Creighton</u>,[114] the Supreme Court, summarizing the

<u>Harlow</u> standard, stated that "whether an official protected by qualified

immunity may be held personally liable for an allegedly unlawful official

action generally turns on the objective legal reasonableness of the action

…, assessed in light of the legal rules that were clearly established at the

time it was taken."[115]

Despite the mixed signals from the Supreme Court, the great

weight of authority in the circuit courts reads the Supreme Court decisions

as establishing a wholly objective standard.[116]  The Third Circuit, for

example, read <u>Anderson v. Creighton</u> as having "cemented the [Supreme]

Court's intention to exclude any inquiry into the subjective beliefs of the

government employee."[117]  The court thus ruled that an assertion that the

employee acted with malice is irrelevant when evaluating the qualified

immunity defense.

---

[112] <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).  Accord <u>Hunter v. Bryant</u>, 112 S. Cit. 534 (1991).
[113] <u>Harlow v. Fitzgerald</u>, 457 U.S. at 819.
[114] 483 U.S. 635 (1987).
[115] <u>Id</u>. at 639 (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. at 818-19).
[116] <u>Winn v. Lynn</u>, 941 F.2d 236 (3d Cir. 1991).
[117] <u>Id</u>.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 30 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

The Supreme Court's § 1983 immunity jurisprudence has generally placed heavy reliance upon the common-law immunities existing in 1871 when the original version of § 1983 was enacted.  Harlow's formulation of the qualified immunity defense, however, does not purport to follow the common-law model.  In Anderson v. Creighton,[118] the Court expressly acknowledged the Harlow "completely reformulated qualified immunity along principles not at all embodied in the common law, replacing the inquiry into subjective malice so frequently required at common law with an objective inquiry into the legal reasonableness of the official action."[119] Harlow's definition of qualified immunity reflects the Court's view of wise policy for reconciling the interest of § 1983 claimants whose federally protected rights were violated and of officials sued for monetary relief in their personal capacities.

In the instant case, Bristol yanked the nigger Horton out of the librarians' meeting being held at the Osborne Public Library and forced the nigger to endure mocking, ridicule and humiliation at the hands of Andy Snook.  Law enforcement[120] refused to investigate the lynching of the nigger Horton by the Klan in Osborne, Kansas acting in a conspiracy with Bristol and Snook.

---

[118] 483 U.S. 635 (1987).
[119] Id. at 645.  See also Wyatt v. Cole, 112 S. Ct. 1827, 1832 (1992);  112 S. Ct. at 1835 (Kennedy, J., concurring).
[120] i.e. Miner and Kline.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 31 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Appropriate Body of Case Law

The circuit courts generally agree that there need not be a decision on point of the United States Supreme Court, or even of the particular circuit, for the law to be clearly established.[121]

### Tenth Circuit Decisions Applying Qualified Immunity To Warrantless Arrests and Searches

In a § 1983 action alleging a warrantless arrest without probable case, the Tenth Circuit found that the qualified immunity defense could not be resolved on summary judgment because the defense "remains inextricable bound to disputed factual issues."[122]

### Burdens of Proof With Respect to Qualified Immunity— Relevance of Defendant's Motive

A defendant used under 42 U.S.C. § 1983 and pleading qualified immunity bears the burden of demonstrating that in performing the acts complained of, he or she was acting with his or her discretionary authority.[123]

At no time have the defendant's meet this burden.  Bristol falsely asserts that he has the authority to investigate matters that arose outside the jurisdiction of the city[124] where he was employed.  He falsely asserts that a county dispatcher authorized him to investigate a county matter based on a deputizing statute.  This is patently false and erroneous

---

[121] Areni v. Mottola, 35 F.3d 680 (2d Cir. 1994).

[122] Guffey v. Evans, 18 F.3d 869, 873 (10th Cir. 1994).

[123] Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992);  Burk v. Unified School Dist. No. 329, Wabaunsee County, Kan., 646 F. Supp. 1557 (D. Kan. 1986).

[124] Osborne, Kansas.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 32 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

because the statute in question is only to be used in emergency situations when the resources of the county sheriff are over extended. In the instant case, Andy Snook never went to the sheriff. Snook went to his personal friend, Bristol, to lay plans to lynch the nigger Horton. All the other defendant's aided and abetted Bristol in lynching the nigger by failing to investigate the nigger's complaint of a lynching.

### Unlawful Seizure by Bristol

The Tenth Circuit has listed the factors it considers in determining whether a person is seized within the meaning of the Fourth Amendment:

> 1) the threatening presence of several officers; 2) the brandishing of a weapon by an officer; 3) some physical touching by an officer; 4) use of aggressive language or tone of voice indicating that compliance with an officer's request is compulsory; 5) prolonged retention of a person's personal effects . . . ; 6) a request to accompany the officer to the station; 7) interaction in a nonpublic place or a small, enclosed place; 8) and absence of other members of the public.
> [United States v.]Hill, 199 F.3d at 1147-48. We have refused to treat any of the factors cited above as dispositive. United States v. Glass, 128 F.3d 1398, 1406 (10th Cir. 1997); United States v. Little, 18 F.3d 1499, 1503 (10th Cir. 1994) (en banc) ("only in rare instances will any one factor produce an inexorable conclusion that a seizure has occurred."). Nor are these factors exclusive. See United States v. Griffin, 7 F.3d 1512, 1518 (10th Cir. 1993) ("we have avoided hard line rules to govern this analysis, and our opinion today should not be interpreted as an exhaustive pronouncement."). Rather, we base our Fourth Amendment analysis on the "totality of the circumstances." United States v. Shareef, 100 F.3d 1491, 1505 (10th Cir. 1996) (citation omitted).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 33 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

When viewing the totality of the circumstances, it may be that the strong presence of two or three factors demonstrates that a reasonable person would have believed that he was not free to terminate an encounter with government officials.

In the instant case, Bristol clearly entered the Osborne Public Library without lawful authority and subsequently lied to this court with his fabrication that the Sheriff wanted him to take over his responsibilities for investigating county matters.  Bristol falsely arrested the plaintiff in the Osborne Public Library through a combination of force, fear, fright and intimidation all of which were done under color of law which he did not have the authority to exercise.  The plaintiff was wrongfully transported to the Osborne Police Station where he was further subjected to insulted and degrading treatment by Andy Snook, a convicted crackhead and friend of Bristol.

### Qualified Immunity Burdens of Proof

In evaluating a defendant's assertion of qualified immunity, the evidenced is viewed in the light most favorable to the plaintiff as the non-moving party.[125]

### Pro Se Complaints

As an extension of the Supreme Court's admonition that pro se civil-rights complaints be construed more liberally than those drafted by

---

[125] See DeSpain v. Uphoff, 264 F.3d 965, 971 (10th Cir. 2001); Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir. 1992).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 34 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

lawyers, some courts have imposed special rules on the granting of summary judgment in favor of the defendant in a civil-rights action brought by a pro se plaintiff, finding that pro se litigants enjoy special latitude on summary-judgment motions.[126]  One of these rules relates to the Red. R. Civ. P. 56(e) provision that if the moving party properly supports the motion with affidavits, the failure of the nonmoving party to show that there is a genuine issue of fact for trial authorizes the court to grant summary judgment to the moving party.  One court has flatly refused to grant the defendant summary judgment based on the plaintiff's failure to comply with Fed. R. Civ. P. 56(e) and has compared the defendant's affidavit with the allegations of the plaintiff's complaint to determine if any factual issues existed.[127]  Others courts have taken the position that before summary judgment can be granted in such a case, the pro se plaintiff must, at a minimum, be advised of the right to file responsive material and that the failure to do so might result in summary judgment for the defendant.[128]  However, if despite such advice the pro se plaintiff makes no response to the summary-judgment motion, summary judgment may be entered.[129]

In cases involving civil-rights action filed by pro se plaintiffs, technical rigor is inappropriate.[130]  It has been recognized that merely

---

[126] McDonald v. Doe, 650 F. Supp. 858 (S.D. N.Y. 1986).
[127] Boyd v. Werner, 416 F. Supp. 1222 (W.D. Pa. 1976).
[128] Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979);  Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982);  Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985);  Curry v. Brown, 440 F.2d 259 (D.C. Cir. 1971).
[129] Mignone v. Vincent, 411 F. Supp. 1386 (S.D. N.Y. 1976).
[130] Ross v. Franzen, 777 F.2d 1216 (7th Cir. 1985).

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 35 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

providing notice of the technical requirements of Fed. R. Civ. P. 56 will not, in every case, compensate the plaintiff for the handicaps resulting from indigency.[131]  The pro se plaintiff will most likely lake sufficient access to sources of proof,[132] and may also lack the understanding of the legal issues involved and the ability of self expression so as to be able to demonstrate the existence of a material issue of fact.[133]

The reasonable opportunity which must be provided to submit affidavits that contradict the affidavits submitted in support of the motion for summary judgment presupposes notice.[134]  Mere time is not enough because it is unrealistic to impute a pro se litigant without a legal background the awareness of failing to respond with an opposing affidavit to a motion for summary judgment.[135]  If defense counsel does not give pro se plaintiffs such notice, the district court or a magistrate must do so.[136]

The court may appoint counsel to assist the pro se plaintiff in defending the motion for summary judgment,[137] or may simply deny summary judgment and hold an evidentiary hearing.[138]

---

[131] Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980);  Curry v. Brown, 440 F.2d 259 (D.C. Cir. 1971).
[132] Murrell, Supra.;  Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).
[133] Hudson, Id.
[134] Ross v. Franzen, 777 F.2d 1216 (7th Cir. 1985).
[135] Ross, Id.
[136] Ross, Id.
[137] Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980);  Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).
[138] Murrell, Supra.

P Objection to D Bristol M for Summ Judgt
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 36 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Prayer

Plaintiff prays that the defendant's motion be overruled and that the plaintiff's cross-motion for summary judgment be sustained.

DATED:  <u>December 9, 2006</u>

John D. Horton

### CERTIFICATE OF SERVICE

On the date listed below the plaintiff mailed the forgoing paper via United States Postal Service First Class Mail to the defendants counsel of record listed below.

(For Defendant Bristol)
Allen G. Glendenning
PO BOX 1110
GREAT BEND KS  67530-1110

DATED:  <u>December 9, 2006</u>

John D. Horton

P Objection to D Bristol M for Summ Judgt
<u>Horton v. Bristol</u>, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 37 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999