UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
401 N MARKET ST RM 204
WICHITA KS  67202-2000

FILED

DEC 1 5 2006

RALPH L. DeLOACH, CLERK
By _____ Deputy

John D. Horton,                 )
                                )
        Plaintiff,              )
                                )
        v.                      )          Civil Action No.
                                )
Michael Bristol et al.,         )          06-1219-MLB-KHM
                                )
        Defendants.             )
                                )

PLAINTIFF'S RESPONSE TO PART 4
OF THE COURT'S ORDER DATED NOVEMBER 22, 2006
BEING AN OBJECTION BY THE PLAINTIFF
TO DEFENDANT BRISTOL'S  MOTION FOR SANCTIONS
&
PLAINTIFF'S
CROSS-MOTION FOR SANCTIONS AGAINST BRISTOL

COMES NOW the plaintiff in the above entitled action and objects to defendant Bristol's Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure,

AND FURTHER, the plaintiff cross-motions the court for sanctions against defendant Bristol for filing his frivolous and vexation motion.

AND IN support thereof the plaintiff shows:

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 1 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Facts**

In May of 2006 the plaintiff, a Kansas State government employee, was conducting official business for the State of Kansas when he was kidnapped, lynched and tortured by the defendant Bristol and others while the plaintiff was attending a meeting of the Central Kansas Library Association being held at the Osborne Public Library.  Based on the false and spurious allegation[1] that the plaintiff's driving in the county of Osborne but outside of the city of Osborne had been anything but absolutely perfect and unapproachable, the defendant Bristol wrongfully attempted to use his status as a law enforcement officer for the city of Osborne to investigate a matter which occurred outside of the city of Osborne and thus outside of the jurisdiction of the defendant Bristol.  Defendant Bristol wrongfully kidnapped, lynched and tortured[2] the plaintiff based on the fact that the plaintiff is an Hispanic nigger.  Bristol forced the plaintiff out of the library, into the street and into a direct and unlawful confrontation with a known and convicted crackhead.[3]

Bristol wrongfully obtained a copy of the plaintiff's driver's license and state government business card and wrongfully conveyed both of these items to Andy Snook who had no lawful authority to receiving them.

Bristol and Andy Snook conspired with Snook's mother to continue to harass, intimidate and terrorize the nigger Horton, by having mother

---

[1] Made by Andy Snook.
[2] And conspired with Andy Snook to kidnap, lynch and torture.
[3] Andy Snook.

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 2 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Snook write[4] and anti-nigger hate letter which purposefully, deliberately and proximately resulted in the plaintiff being terminated from his employment at Larned State Hospital because of the plaintiff's opposition to the activities of the Ku Klux Klan and the Osborne Vigilance Committee as represented by the activities of Bristol, Andy Snook and his mother in kidnapping, lynching, torturing and further harassing the plaintiff.

## Motions for Sanctions
## Under FRCP 11
## Requirement of Honesty in Pleading

Attorneys and unrepresented parties must sign every pleading, written motion, or other paper presented to the court.[5] By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry under the circumstances:

- It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation,
- The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,
- The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[4] Bristol unlawfully and wrongfully provided to the Snook's a copy of the plaintiff driver's license and state government business card. There is no law, rule or regulations which authorizes a member of law enforcement to convey to private citizens information obtained through a police investigation prior to the filing of criminal charges.

[5] FRCP 11(a).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 3 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

- The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[6] FRCP 11 does not merely prohibit the filing of a pleading known to be false.[7] The Rule casts an affirmative obligation upon the presenting attorney that he or she is satisfied in good faith, that there is good ground to support the claim asserted therein.[8] The principle is applicable to allegations made upon information and belief.[9] If an attorney's certification is to be more than a hallow gesture, he must do more than obtain a person willing to lend his name as a plaintiff.[10]

In evaluating the concept of "good ground" to support a pleading, a

commentator has concluded that:

- Good ground cannot exist as to any alleged proposition known to be false, including a denial.
- An attorney must engage in reasonable investigation to determine the probability of any proposition he proposes to allege in a pleading or other document.
- Where after investigation the attorney is neither sure that a proposition is true nor that it is false, FRCP 11 demands at least a suggestive circumstantial nexus which would justify concluding that the truth of the proposition is likely enough to warrant resort to the discovery mechanism of the civil action to investigate it or a jury to decide it.
- The attorney's signature should be taken as continuing certification of good ground, so that if the attorney uncovers circumstances which, had he known them before, would have rendered the original signature improper, he is under an obligation to come forward and amend the document so that it conforms to his current knowledge.
- It may be possible to violate FRCP 11 by adopting a frivolous legal position in a document, but a court must be extremely cautious in finding such a violation so as not to discourage attorneys from advocating positions which, though today perceived as absurd, may become tomorrow's law.[11]

---

[6] FRCP 11(b).
[7] Freeman v. Kirby, 27 F.R.D. 395 (S.D. N.Y. 1961).
[8] Id.;  Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53 (E.D. N.Y. 1979).
[9] Miller. V. Schweickart, 413 F. Supp. 1059 (S.D. N.Y. 1976).
[10] Freeman, Supra.
[11] Risinger, "Honesty in Pleading and its Enforcement:  Some "Striking" Problems with Federal Rule of Civil Procedure 11.  61 Minn L. Rev. 1 (1976).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 4 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

One commentator has noted that while a great deal has been written about the 1993 amendments to FRCP 11, both praising or criticizing them, in a significant sense, all the debate and controversy is beside the point since the amendments to FRCP 11 took nothing away from the inherent power that courts may well now apply more frequently.[12]

## What Papers Are Subject to FRCP 11

FRCP 11 applies to any "pleading, written, or other paper" that is presented to the court.[13]  Courts have interpreted this provision liberally to include complaints, answers, and motions, and responses to such documents.[14]  Despite this liberal interpretation, however, FRCP 11 applies only to documents that are filed with or submitted to the court,[15] and is inapplicable to papers filed in criminal proceedings[16] or to disclosures or discovery requests, responses, objections, and motions that are subject to Rules 26 through 37.[17]

## Answers and Counterclaims

It is a breach of counsel's obligation to the court under FRCP 11 to file an answer creating issues that counsel does not affirmatively believe

---

[12] Basker, "The Inherent Power to Impose Sanctions:  How a Federal Judge is Like an 800-Pound Gorilla." 14 The Review of Litigation 195 (1994).
[13] FRCP 11(b).
[14] Frazier v. Cast, 771 F.2d 259 (7th Cir. 1985).
[15] Adduono v. World Hockey Asso., 824 F.2d 617 (8th Cir. 1987).
[16] United States v. White, 980 F.2d 836 (2d Cir. 1992).
[17] FRCP 11(d).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 5 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

have a basis,[18] and FRCP 11 is violated where the attorney knows a counterclaim is false but allows the issue to go to trial.

In the instant case, the defendant Bristol knows that he was never authorized to investigate the traffic complaint which occurred outside of his jurisdiction. At this point all he has been able to concoct is a story that the Osborne County Sheriff Dispatcher authorized him to exceed his jurisdiction. This testimony by Bristol is nothing but self-serving hearsay and must be excluded by the court. Further, defendant Bristol's turning over copies of the plaintiff's driver's license and state government business card to defendant Andy Snook is patently outside of any standard police procedure which clearly demonstrates the Ku Klux Klan animus that Bristol and Andy Snook had toward the nigger Horton.

### Information and Belief

The concept of pleadings on information and belief is supported by FRCP 11, since this rule provides that the signature of an attorney to a pleading is a certificate that to the best of his or her knowledge, information, and belief there appears to be good ground to support the pleading.[19]

### In Civil Rights Cases

The Advisory Committee Notes state that courts should not award Rule 11 sanctions in civil rights cases in a manner that would be

---

[18] Arena v. Luckenbach S.S. Co., 279 F.2d 186 (1st Cir. 1960); United States v. Minisee, 113 F.R.D. 121 (S.D. Ohio 1986).
[19] Carroll v. Morrison Hotel Corp., 149 F.2d 404 (7th Cir. 1945).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 6 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

inconsistent with the standards governing the award of attorneys' fees
under 42 U.S.C. § 1988.[20]

## Pro Se Litigants

In applying FRCP 11, the court may considered the special
circumstances of pro se litigants.[21]  For example, pro se plaintiffs may be
held to a lower standard of accountability than attorneys with respect to
conducting a reasonably objective inquiry into the legal basis for a claim.[22]

## How is Motion Made

A motion for sanctions under FRCP 11 must be made separately
from other motions or requests and must describe the specific conduct
alleged to violate the Rule.[23]  The failure to comply with these formal
requirements is grounds for denying the motion.[24]  In the instant case, the
defendant Bristol simply complains that he disagrees with the factual
allegations in the complaint.  Question of fact are for the trier of fact to
resolve and are not the subject matter for a Rule 11 motion.  Defendant
Bristol has not identified any procedural irregularity in the complaint which
might be the subject matter for a Rule 11 motion.  Defendant Bristol has
failed to describe any specific conduct which allegedly violates the Rule.

---

[20] Advisory Committee Notes to 1993 Amendments to Federal Rules of Civil Procedure,
FRCP 11.
[21] Maduakolam v. Columbia University, 866 F.2d 53 (2d Cir. 1989); Lerch v. Boyer, 929
F. Supp. 319 (N.D. Ind. 1996).
[22] Babigian v. Association of Bar, 144 F.R.D. 30 (S.D. N.Y. 1992), aff'd without op., 990
F.2d 623 (2d Cir.), related proceeding, 901 F. Supp. 17 (D.C. Dist. Col.).
[23] FRCP 11(c)(1)(A);  In re VMS Sec. Litig., 156 F.R.D. 635 (N.D. Ill. 1994).
[24] Hadges v. Yonkers Racing Corp., 48 F.3d 1320 (2d Cir. 1995);  Thomas v. Treasury
Management Ass'n, 158 F.R.D. 364 (D.C. Md. 1994);  Johnson v. Waddell & Reed, 74
F.2d 147 (7th Cir. 1996).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 7 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Opportunity to be Heard**

A District Court adequately safeguards a party's due process rights where the court gives the party opportunity to respond in writing to the sanctions motion and holds a hearing on the motion.[25]

A hearing may be required when the decision whether to impose sanctions involves factual issues that cannot be resolved by referring to the record, such as the reasonableness of a prefiling inquiry into the factual or legal basis for a document.[26]  A hearing may also be necessary when there is a question whether a good faith argument can be made for a legal position taken in a document.[27]

**Burden of Proof**

Under FRCP 11, conduct is tested by an objective reasonableness standard.[28]

Under the 1983 version of the Rule, some courts held that a court must resolve "any and all doubts" in favor of the person signing a document when determining whether the person violated the Rule,[29] and

---

[25] Bullard v. Chrysler Corp., 925 F. Supp. 1180 (E.D. Tex. 1996);  Zimmer man v. Bishop Estate, 25 F.3d 784 (9th Cir. 1994), cert. denied, 130 L. Ed. 2d 543.
[26] La Vay Corp. v. Dominion Federal Sav. & Loan Asso., 830 F.2d 522 (4th Cir. 1987); Whittington v. Ohio River Co., 115 F.R.D. 201 (E.D. Ky. 1987).
[27] Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194 (7th Cir. 1985);  Donaldson v. Clark, 819 F.2d 1551 (11th Cir. 1987).
[28] Coates v. United Parcel Services, Inc., 933 F. Supp. 497 (D. Md. 1996);  Wright v. Edelman, 71 BNA FEP Cas (S.D. N.Y. 1996).
[29] Stern v. Leucadia Nat'l Corp., 844 F.2d 997 (2d Cir. 1988);  Pressman v. Estate of Steinvorth, 860 F. Supp. 171 (S.D. N.Y. 1994).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 8 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

that the burden of proof is clearly upon the party seeking to impose sanctions.[30]

## Documentation of Attorneys Fees and Expenses

A party seeking an award of attorney's fees and expenses under Rule 11 must provide documentation supporting the request.[31]

## Discretion of the Court

The 1993 amendments to FRCP 11 leaves the decision whether to impose sanctions for a violation of Rule 11 to the court's discretion.[32]

## Factors Considered

FRCP 11 itself does not specify the factors a court may considered in making the decision to sanction a party, attorney or law firm, but the Advisory Committee Notes state that the court may consider:

- Whether the violation was willful or negligent,
- Whether the violation was party of a pattern of activity or an isolated event,
- Whether the violation infected the entire pleading or only one particular count or defense,
- Whether the person committing the violation has engaged in similar conduct in other litigation,
- Whether the violation was intended to injure,
- What effect the violation had on the litigation process in time or expense,
- Whether the person committing the violation is trained in the law.[33]

---

[30] Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985).
[31] Johnson v. New York City Transit Authority, 116 F.R.D. 394 (E.D. N.Y. 1986) (court found violation, but denied request for attorney's fees;  counsel could only estimate hours spent on case).
[32] FRCP 11(c).
[33] Advisory Committee Notes to 1993 Amendments to Federal Rules of Civil Procedure, FRCP 11.

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 9 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Under 28 U.S.C. § 1927

FRCP is not the only tool at the court's disposal to sanction attorneys who abuse the legal process.  Federal courts may sanction attorneys or other person admitted to conduct cases when they unreasonably and vexatiously multiply case proceedings.[34]  28 U.S.C. § 1927 sanctions dilatory litigation practices.[35]

A showing of simple inadvertence or negligence is insufficient to support an order of sanctions under 28 U.S.C. § 1927.[36]  At least one court has taken the position that sanctions may be imposed under § 1927 when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.[37]

### Under Court's Inherent Powers

Besides the authority of FRCP 11 and 28 U.S.C. § 1927, each federal court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases.[38]  This includes

---

[34] 28 U.S.C. § 1927.  "What conduct constitutes multiplying proceedings unreasonably and vexatiously so as to warrant imposition of liability on counsel under 28 U.S.C. § 1927 for excess costs, expenses, and attorneys fees.  81 A.L.R. Fed. 36.
[35] New York by Vacco v. Operation Rescue Nat'l, 80 F.3d 64 (2d Cir. 1996); Browning v. Kramer, 931 F.2d 340 (5th Cir. 1991).
[36] Holmes v City of Massillon, 78 F.3d 1041 (6th Cir. 1996).
[37] Jones v. Continental Corp., 789 F.2d 1225 (6th Cir. 1986).
[38] Chambers v. NASCO, 501 U.S. 32 (1991).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 10 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

the inherent power to impose reasonable and appropriate sanctions,[39]

since the court possesses the power to:

- Control admission to its bar,
- Discipline attorneys who appear before it,
- Dismiss a lawsuit or enter a default judgment,
- Impose fines,
- Assess attorney's fees,[40]
- Punish for contempt.[41]

This inherent power permits the courts to sanction all persons

before the court including attorneys[42] and law firms.[43]

Where federal statutes and rules provide a basis for sanctioning the

offending person, courts should ordinarily rely on those statutes and rules

as the basis for sanctions.[44]  Nonetheless, bad faith conduct can be

sanctioned pursuant to the court's inherent power even though that

conduct is also sanctionable under some rule or statute.[45]  Still, the court's

exercise of its inherent power is particularly appropriate when the

offensive conduct does not fall under the proscription of any statute or

rule.[46]

---

[39] Natural Gas Pipelines Co. v. Energy Gathering, 2 F.2d 13979 (5th Cir. 1993); Pederson v. Louisiana State Univ., 912 F. Supp. 892 (M.D. La. 1996).
[40] Chambers, Supra.
[41] Natural Gas Pipeline Co. of Am. v. Energy Gathering, 86 F.3d 464 (5th Cir. 1996).
[42] Chambers, Supra.
[43] Resolution Trust Corp. v. Bright, 6 F.3d 336 (5th Cir. 1993).
[44] Chambers, Supra.
[45] Id.
[46] Id.

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 11 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

## Bad Faith Must Be Shown

To warrant sanctions under the court's inherent powers, there must be a showing of bad faith on the part of the person sanctioned.[47] Recklessness is an insufficient basis for sanctions under the courts' inherent power.[48]

Bad faith may arise during the course of the litigation or in bringing or causing an action to be brought,[49] and may include activities such as committing fraud upon the court, stalling litigation, or willfully disobeying a court order.[50]

Bad faith can be inferred from dilatory conduct such as a defendant's failure to prepare for a pretrial conference and drawing out litigation.[51]

## Sanctions Available

Under its inherent power, a court can assess a range of sanctions, including

- Awarding attorney's fees and costs,[52]
- Assessing a fine,[53]
- Reprimanding the offending attorney,[54]
- Suspending[55] or disbarring[56] the offending attorney from practice before the court

---

[47] Chambers v. NASCO, 501 U.S. 32 (1991).
[48] Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.) 78 F.3d 431 (9th Cir. 1996).
[49] Shimman v. International Union of Operating Eng'rs, Local 18, 744 F.2d 1226 (6th Cir. 1984).
[50] Chambers, Supra.
[51] Link v. Wabash R. Co., 370 U.S. 626 (1962).
[52] Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).
[53] Natural Gas Pipeline Co. of Am. V. Energy Gathering, 86 F.3d 464 (5th Cir. 1996).
[54] Smith v. Our Lady of the Lake Hosp., 135 F.R.D. 139 (M.D. La 1991).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 12 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

- Referring the offending attorney to the appropriate disciplinary grievance committee,[57]
- Staying a party from filing additional pleadings,[58]
- Excluding evidence,[59] and,
- Ordering offending counsel to attend continuing legal education courses,[60]

Dismissal or default (striking a defendant's answer) is such a severe sanction it should only be ordered for especially egregious conduct.[61]  Therefore, courts should not dismiss cases under their inherent power unless there is a clear record of contumacious conduct and the record reflects that lesser sanctions would not be adequate.[62] Similarly, a formal reprimand or referral to the state bar is considered to be a fairly severe sanction and require a clear showing that the offending conduct violated a court order.[63]

If the fine is punitive, it is paid into the court's coffers;  if it is reimbursement to the nonsanctioned party, it is paid to that party.[64]

The inherent power of the federal courts is at once broader and narrower than the FRCP 11 power.  Rule 11 focuses on specific abuses and is not limited to willful conduct;  in contrast, the inherent power

---

[55] Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414 (6th Cir. 1992).
[56] In re Snyder, 472 U.S. 634 (1985).
[57] Smith v. Our Lady of the Lake Hosp., Supra.
[58] Smith v. Legg (In re United Mkts. Int'l, 24 F.3d 650 (5th Cir. 1994).
[59] Orlett, Supra.
[60] Smith v. Our Lady of the Lake Hosp., Supra.
[61] Chambers, Supra.
[62] Taylor v. Combustion Engineering, Inc., 782 F.2d 525 (5th Cir. 1986).
[63] Grace v. Center for Auto Safety, 72 F.3d 1236 ( 1996).
[64] In re Kave, 760 F.2d 343 (1st Cir. 1985).

P Objection to Bristol' M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 13 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

reaches the full range of litigation misconduct, but authorizes fee shifting only for bad-faith conduct of willful disobedience of a court's orders.[65]

## Procedure for Imposing Sanctions

Sanctions under the court's inherent power may be imposed either by motion[66] or by the court sua sponte.[67]

## Recent Cases

Motion for Rule 11 sanctions must be made separately from other motions or requests and must specify conduct alleged to violate Rule.[68]

The rule governing an attorney's responsibilities in connection with representations made to a court in signed pleadings allows pleadings based on evidence reasonably anticipated after further investigation or discovery.[69]

Rule 11 sanctions would not be pursued against pro se insured despite his admission that he had not taken time to read policy before filing suit against life insurer on time-barred contract, tort and statutory claims;  however, insured would be cautioned that Rule 11 applies to anyone who signs pleading, motion, or other paper.[70]

---

[65] Chambers, Supra.
[66] Roadway Express, Inc. v. Piper, Supra.
[67] Id.
[68] King v. Galluzzo Equipment & Excavating Inc., 223 F.R.D. 94 (E.D. N.Y. 2004).
[69] FRCP 11(b)(3);  Rotella v. Wood, 120 S. Ct. 1075 (2000).
[70] Watkins v. American Nat. Ins. Co., 967 F. Supp. 1272 (M.D. Fla. 1997).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 14 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Rule 11 sanctions against nonparty petitioner who filed for removal were not warranted, even though petitioner was frivolous and unwarranted, where petitioner was pro se.[71]

FRCP 11 applies not only to attorneys and represented parties, but also to pro se litigants;  however, pro se litigants are held to more lenient standard than professional counsel.[72]

Requirement that before a court may impose sanction sua sponte, it must give the offending party notice of its intent to do so and the opportunity to be heard applies whether the court is sanctioning a party pursuant to its authority under Rule 11, statute permitting sanctions for unreasonably and vexatiously multiplying proceedings, or court's inherent authority.[73]

Plaintiff and plaintiff's counsel, upon whom district court sua sponte imposed Rule 11 sanctions after hearing on defendants' motion for § 1927 sanctions against counsel for excessive costs, were not affored adequate notice and opportunity to be heard;  it was insufficient that court referred at that hearing to sanctions beyond scope of defendants' § 1927  motion, and pending § 1927 motion did not give notice of potential Rule 11 sanctions, but actually diverted attention elsewhere.[74]

---

[71] Newman and Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115 (E.D. N.Y. 2005).
[72] Horton v. TWA, 169 F.R.D. 11 (E.D. N.Y. 1996).
[73] Johnson v. Cherry, 422 F.3d 540 (7th Cir. 2005).
[74] Hutchinson v. Pfeil, 208 F.3d 1180 (10th Cir. 2000).

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 15 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Factually Erroneous Statements in Bristol's
"Memorandum in Support of Motion for Sanctions…"**

**Page 1:  "Plaintiff, while driving a state vehicle on his way to a
librarians' conference passed several vehicles while in a one-line
construction zone."**

Bristol's allegation is factually erroneous.  Bristol has not entered

into evidence or even attempted to enter into evidence the fact of whether

the Kansas Department of Transportation had properly and lawfully

marked and signed this highway as a construction zone.  The fact of the

matter is that the Kansas Department of Transportation, relying on a group

of Hispanic, illegal alien workers, failed at any and all relevant times herein

to marked the highway as a construction zone.  There was no sign

indicating the length of the construction zone.  There was no sign

indicating that a pilot car was in use.  The pilot car was a Yugo or Ford

Pinto which could not be seen as it was being immediately followed by an

eighteen-wheeler that had a twenty foot high trailer.  There was no sign

indicating a "no-passing zone."  And there was no sign indicating that

there was "one-way" and "one lane of traffic only" on this stretch of

highway.  Bristol and Snook, instead of directing their concern to the

appropriate authorities,[75] decided that the nigger Horton should be

punished and lynched for KDOT's wrong-doing.

---

[75] The Kansas Department of Transportation, herein after, KDOT.

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 16 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Page 1:  "One of the driver's[76] whose vehicle plaintiff passed … reported his[77] conduct to law enforcement at the next town they came to."**

Andy Snook did not report the matter to the appropriate law enforcement agency[78] but instead went crying and whining to his personal friend and associate, Bristol.  Andy Snook is a known and convicted crackhead and bully and the Osborne County Sheriff does not have time to waste on a worthless piece of crap like Andy Snook.  Further, Snook should not even have joint custody of his daughter.  Deginerate crackheads like Andy Snook should not be allowed to have any contact with children they sire out of wedlock with the local town whore.  At 10:00 a.m. on the day in question, the daughter should have been with her mother, or in pre-school, not riding around with her father the crackhead.

**Page 1:  "This case is a classic case of an abuse of the federal court system for the purpose of defaming and spewing vitriol upon the defendants and causing them to incur costs and expenses in defending the action"**

This case is a classic case of a nigger trying to save himself from getting lynched by the Ku Klux Klan in Kansas.  Bristol had absolutely no business kidnapping and lynching the nigger Horton when the matter complained of[79] occurred in the county of Osborne and was outside Bristol's jurisdiction.

---

[76] Andy Snook.
[77] Plaintiff's.
[78] Which would have been the Osborne County Sheriff.
[79] i.e. the pretextual traffic complaint.

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 17 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Page 1: "...the complaint is riddled with scandalous and sensational allegations that are false, many of them patently so."**

The only thing that is false in this case, is Bristol's assumed authority and jurisdiction to lynch niggers on the flimsy excuse that the nigger Horton drove improperly outside of Bristol's jurisdiction while in the county of Osborne.

## PRAYER

WHEREFORE, the plaintiff prays that the defendant Bristol's Motion for sanctions be overruled and that the plaintiff's cross-motion for sanctions be sustained.

DATED: <u>December 10, 2006</u>

John D. Horton

## CERTIFICATE OF SERVICE

On the date listed below the plaintiff mailed the forgoing paper via United States Postal Service First Class Mail to the defendants counsel of record listed below.

(For Defendant Bristol)
Allen G. Glendenning
PO BOX 1110
GREAT BEND KS  67530-1110

DATED: <u>December 10, 2006</u>

John D. Horton

P Objection to Bristol's M Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999