IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN D. HORTON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1219-MLB |
| ) | |
| MICHAEL BRISTOL, NAME UNKNOWN ) | |
| VIGILANTE, MOTHER OF NAME UNKNOWN ) | |
| VIGILANTE, MARK SCHUTTER, CURT ) | |
| MINER, Sheriff, and PHILL KLINE, Kansas ) | |
| Attorney General, ) | |
| Defendants. ) | |
| _____) | |

### REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
### (RESPONSE TO Dkt. 67)

### INTRODUCTION

Plaintiff in essence concedes that the case is ripe for summary judgment. He makes no argument that further discovery is necessary and he, himself, makes a motion for summary judgment. However, plaintiff's response is completely devoid of any affidavits or other evidence supporting his position. Rather, plaintiff rests entirely upon mere allegations and denials. F.R.C.P. 56(e) expressly states that, once a defendant presents a properly supported motion for summary judgement, plaintiff may not rest his response on mere allegations or denials. Moreover, many of plaintiff's allegations are, on their face, ridiculous and not possibly within the plaintiff's personal knowledge nor doe he offer any other source of evidence to support his wild allegations. The facts presented by defendant stand and clearly require summary judgement.

## STATEMENT OF FACTS

Plaintiff's failure to respond to this defendant's statement of facts within in 23 days of service of the motion for summary judgement, requires a finding that the facts are deemed admitted. Local Rule 56.1(a) and 6.1(d)(2).

Even if the plaintiff's current response is deemed to be timely filed, it does not properly controvert any of the facts set forth in defendant's memorandum. Local Rule 56.1(d) requires that all facts upon which an opposition is based must be presented by declaration under penalty of perjury or citation to relevant portions of the record. Any declaration upon which an opposition is based must be "made on personal knowledge and by a person competent to testify to the facts stated" and the testimony must be admissible in evidence. *Id.* F.R.C.P. 56 also requires that a declaration of affidavit "show affirmatively that the affiant is competent to testify to the matters stated therein." Conclusory statements and statements not based upon personal knowledge should be disregarded. *Vasquez v. Ybarra,* 150 F. Supp. 2d. 1157, 1161 (D. Kan. 2001). In opposing a motion for summary judgement, a party may not merely rest upon his allegations but must set forth specific facts showing that there is a genuine issue for trial; these facts must be established by reference to evidence. F.R.C.P. 56 (e); *Monsour v. Menu Maker Foods, Inc.,* 05-1204-MLB (D. Kan. 2006); *Muck v. United States* 3 F.3d 1378, 1380 (10th Cir. 1993); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Suspicion, speculation or even a showing of metaphysical doubt as to the material facts is not sufficient to avoid summary judgement. *Id.*

Plaintiffs response to the defendant's statement of facts in part repeats those facts, clearly establishing them as uncontroverted. At other points, plaintiff's response changes or embellishes the statement of fact or contradicts or denies it. However, he does so only with conclusory

allegations. He does not cite to anything of evidentiary value to support his assertions. Nor does he "show affirmatively" that he is competent to testify to the conclusory allegations. Indeed, his own version of the events set forth in his complaint affirmatively establish that he lacks foundation to make a large number of the factual assertions he attempts to make. Plaintiff relies heavily on suspicion, speculation, rather than presenting any evidence. Because plaintiff's response does not properly controvert any of the defendant's facts, they are deemed admitted.

1.   Expressly admitted

2.   Expressly admitted

3.   Expressly admitted. Plaintiff adds conclusory allegations that are not properly supported and do not prevent summary judgement.[1]

4.   Not controverted. Plaintiff adds allegations that are not properly supported, are irrelevant and would not prevent summary judgement in any event.

5.   Plaintiff offers only conclusory allegations of which he could not possibly have any personal knowledge. Certainly, his pleading contains nothing that makes the required affirmative showing that he is competent to testify to the allegations. He is clearly and improperly relying on mere allegations and denials.

6-7.   Again plaintiff offers mere conclusory allegations and speculation about the motives of Chief Bristol, the alleged relationship between Bristol and Snook and what transpired between

---

[1] Interestingly, in this paragraph, plaintiff alleges that the construction zone was not properly signed because KDOT was using illegal aliens who cannot read, write or understand English. In a subsequent pleading, plaintiff attributes this alleged lack of signing to the fact that the KDOT employees are all drunken white employees who drink beer and whiskey for lunch. (Plaintiff's Reply to Defendant Bristol's December 6, 2006, "Reply in Support of Motion for Sanctions and Response to Plaintiff's Cross-Motion for Sanctions," p. 2.) This only underscores plaintiff's lack of personal knowledge and the malicious and baseless nature of his allegations.

3

them.  Plaintiff was not present and offers nothing to affirmatively show that he is competent to testify to these matters.  Nor does he offer any other evidence to establish them.  They are pure fabrication and do not defeat summary judgement.

8. Uncontroverted.  Plaintiff's response does not address or even attempt to controvert this fact.  He merely offers additional, malicious and gratuitous comment without foundation or citation.

9-12. Again plaintiff offers mere conclusory allegations and speculation.  Plaintiff offers nothing to affirmatively show that he is competent to testify to these matters.  Nor does he offer any other evidence to establish them.  They are pure fabrication and do not defeat summary judgement.[2]

13. Uncontroverted.  Plaintiff does not even make allegations contradicting defendant's fact.  He merely adds baseless allegations and legal conclusions that do not defeat summary judgement.

14. Plaintiff's contradictory allegations are mere allegations unsupported by any citation to the record.

15. Uncontroverted.  Plaintiff does not offer even allegations contradicting the facts set forth in this paragraph.  He offers only the false and absurd and unsupported allegation that a police officer has "no lawful authority" to be in a public library during hours when it is open to the public and, therefore, his mere presence was a "disruption."

---

[2]Plaintiff previously asserted that Snook asserted that plaintiff was raping the white women in the library. (Complaint para. 4.)  Here, in response to paragraph 11, he changes the story to an accusation that Snook asserted that "no nigger has a right to ride around in a state government vehicle...."  This again underscores the lack of any personal knowledge of what was said and the maliciousness and total baselessness of plaintiff's allegations.

16-21. In response to these paragraphs, plaintiff merely reasserts his allegations, with no citation to any proper affidavit or other part of the record. This is insufficient to controvert these facts and they stand.

22-23. Again plaintiff offers mere conclusory allegations and speculation. Plaintiff offers nothing to affirmatively show that he is competent to testify to these matters. Nor does he offer any other evidence to establish them. They are pure fabrication and do not defeat summary judgement.

24. Plaintiff does not controvert the facts set forth in this paragraph. Rather, he simply offers conclusory characterizations without benefit of any proper citation establishing them.

25-26. Uncontroverted. Plaintiff's conclusory characterizations do not address the facts set forth in these paragraphs, much less controvert them.

27. Plaintiff denies this fact but offers nothing beyond his mere denial and allegations, which are not sufficient to controvert the facts or avoid summary judgement.

28. Plaintiff's does not deny this fact – that Chief Bristol asked for plaintiff's license to include in his report. Plaintiff evades the fact by offering an unsupported, false and conclusory allegation that obtaining his license was wrongful.

29-34. Plaintiff tacitly admits these facts by neither denying them nor controverting them. Rather, he offers yet another incorrect statement of law concerning Chief Bristol's authority and unsupported conclusory allegations that requesting his license and accepting his offered business card was wrongful.

35. The only point of contention here is whether Bristol went into the Police Department or Sheriff's Department. Plaintiffs mere allegation on that point is unsupported by any evidence. Defendant's affidavit to the contrary is uncontroverted.

36.     Plaintiff neither denies nor controverts this fact. His response does not meet the fact set forth. Rather, once again, plaintiff evades the fact by offering an unsupported conclusory allegation.

37-61.  Plaintiff makes no attempt to address or meet the facts set forth in these paragraphs. Rather, he ignores them and offers a mere unsupported, conclusory allegation, for which he demonstrates no personal knowledge or other basis, about what supposedly transpired at some Ku Klux Klan meeting. These facts, are, therefore, admitted.

## ARGUMENT AND AUTHORITY

**A.    Federal Claims.**

   **1.    No constitutional Violation Occurred.**

The uncontroverted facts set forth in this defendant's memorandum and not controverted by the plaintiff clearly establish that no constitutional violation occurred. Plaintiff's rambling response contains much discussion of irrelevant legal propositions and does not fairly meet the substance of defendant's motion. He also inserts allegations of facts that are not contained in a statement of facts as required by F.R.C.P. 56 and Local Rule 56.1. Moreover, the "facts" embedded in the argument are mere allegations for which no foundation or support is cited. They must, therefore, be disregarded. *Vasquez v. Ybarra,* 150 F. Supp. 2d. 1157, 1161 (D. Kan. 2001).

Plaintiff also tries to evade his responsibilities in responding to a motion for summary judgment by repeatedly citing legal authority applicable to motions on the pleadings or to dismiss that require that his mere allegations be taken as true. However, this is a motion for summary judgement to which different standards apply. As discussed above, the standard on a motion for summary judgment is that a party may *not* rely on mere allegations and denials. Plaintiff's response

contains no effort to meet his obligation to properly present material facts to establish a submissible dispute. Instead he expressly relies on bare, unsupported and often fantastic and impossible allegations. This strategy is expressly rejected by Rule 56 itself. Plaintiff's failure to do anything but throw out unsupported accusations and allegations leaves the facts set forth in defendant's motion uncontroverted and those facts require summary judgment. Plaintiff's evasive discussion of irrelevant legal propositions and his complete failure to address the relevant legal authority is a tacit admission that defendant's motion for summary judgement is well taken and should be granted.

In response to the facts clearly establishing that Chief Bristol did have authority to investigate the complaint because he had been requested to do so by the Sheriff's deputies, plaintiff merely asserts, with no possible foundation, that Chief Bristol's affidavit in this regard is a lie. Plaintiff offers nothing of evidentiary value to establish that allegation and he clearly could not have any foundation for testifying on that point based upon personal knowledge. Plaintiff was in the library when Chief Bristol was having his conversations with the Sheriff's deputies. On pages 32-33 of his response, plaintiff falsely asserts without benefit of any supporting authority that the statute expressly granting Chief Bristol authority to investigate a matter outside his regular jurisdiction when requested to do so by the Sheriff's deputies applies only in emergencies when the sheriff's resources are overextended. This is simply a false statement of the law. The statute contains no such qualifiers.

Plaintiff repeatedly offers up the mere conclusory allegation that Bristol and other defendants participated in a conspiracy against him. However, plaintiff offers no actual facts, properly supported in the record, to establish a triable issue on any of the legal elements of a conspiracy. Once again, he rests his response on nothing but a conclusory allegation.

### 2. Qualified Immunity.

Plaintiff devotes a lot of space to generally discussing the law on qualified immunity. He appears to have cut and pasted large sections of treatises on the topic, most of which have nothing to do with the issues raised in the defendant's motion.

Plaintiff offers nothing to bear his burden of establishing that a constitutional violation did occur and that its contours where "sufficiently clear that an objective reasonable officer would have understood that what [he was] doing violates that right." He offers nothing to controvert the facts which clearly establish Chief Bristol's right to qualified immunity, except mere, unsupported and false allegations of alleged conspiracies about which he could not possibly have any personal knowledge and for which he offers no other evidence or support. This is a classic case for the application of the rule that a plaintiff may not escape summary judgment by resting on mere allegations.

### 3. Pro Se Plaintiff

Plaintiff also devotes pages to a discussion of the effect of his pro se status on defendant's motion. Here again, much of what he discusses is simply irrelevant. Yet another part of this discussion pertains to the requirements that an ignorant plaintiff be informed of certain rules, and the consequence of failure to comply with those rules, before the consequence are imposed. However, the very discussion in plaintiff's brief of those rules establishes that he is clearly well informed of them and the consequences of failing to comply with them. He is, after all, a librarian with considerable experience in filing and litigating lawsuits. This is not his first lawsuit.

And whatever the law may have been in one district court in western Pennsylvania in 1976, the law in the Tenth Circuit in 2006 is that a party's *pro se* status does not relieve him from

complying with the procedural rules. *Barnes v. U.S.,* 05-3403 (10th Cir. 2006) (attached) citing, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), Unsworn allegations do not comply with Rule 56 and a plaintiff's *pro se* status is no reason to relax that requirement. *Barnes v. U.S.,* 05-3403 (10th Cir. 2006); Hall v. Bellomon, 935 F. 2d 1106, 1110 (10th Cir. 1991). Even the most liberal reading of plaintiff's response still leaves it very clear that plaintiff is attempting to rely on mere allegations and denials which Rule 5 expressly forbids. Plaintiff's response also demonstrates that he is very much aware of the requirements of Rule 56, particularly subsection (e) as he cites it and discusses it.

**B.   State law claims.**

Plaintiff makes no response whatsoever to this portion of defendant's motion. "Generally, when a party fails to respond to an argument, th court will grant the motion as uncontested." *Pope v. Cauffman,* 885 F. Supp. 1451, 1457 (D. Kan. 1995.) Moreover, under the law and facts set forth in defendant's original memorandum, this court clearly lacks subject matter jurisdiction over plaintiff's state law claims and the same should, therefore, be dismissed.

### CONCLUSION

For the reasons set forth above and in defendant's original memorandum, summary judgment dismissing all claims against this defendant is appropriate and required.

WATKINS CALCARA, CHTD.

s/  Allen G. Glendenning
Allen G. Glendenning, #12187
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas  67530
(620) 792-8231

9

aglenden@wcrf.com
Attorneys for Defendant Michael Bristol

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2006, I electronically filed the above and foregoing Reply in Support of Motion for Summary Judgment with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Eliehue Brunson, Wyatt M. Wright, Wendell F. Cowan, and Stephen O. Phillips. I further certify that I mailed the above and foregoing Reply in Support of Motion for Summary Judgment and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

John D. Horton
General Delivery
Jobstown, NJ  08041-9999
    Pro Se

    s/  Allen G. Glendenning
    Allen G. Glendenning, #12187