UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
401 N MARKET ST RM 204
WICHITA KS  67202-2000

FILED

DEC 2 2 2006

RALPH L. DeLOACH, CLERK
By_____ Deputy

John D. Horton, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
Michael Bristol et al., ) 06-1219-MLB-KHM
)
Defendants. )

**PLAINTIFF'S REPLY TO
DEFENDANT BRISTOL'S DECEMBER 6, 2006,
"REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SANCTIONS"**

COMES NOW the plaintiff in the above entitled case replies to the matter recited above .

AND IN SUPPORT THEREOF, the plaintiff shows:

**Page 1 Paragraph 3:  "… Plaintiff now appears to be quibbling with the issue of whether there was in fact a construction zone…"**

Before the Ku Klux Klan, acting through the defendant, can claim that they are the saviors of the motoring public by lynching niggers traveling on US Highway 281 immediately south of Osborne, Kansas, they had better establish a factual basis for their acts of anti-nigger terrorism against the plaintiff.  The Ku Klux Klan, acting through the defendant has

P Reply to D Bristol's Reply M for Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 1 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

never asserted or alleged[1] that the construction zone was properly marked as such and they have not disputed or contested the fact that:

1. No "pilot car in use" sign was ever posted,
2. No "length of construction zone" sign was ever posted, and
3. No "one lane of traffic only" sign was ever posted.

Before the Klan can justify their lynching of the nigger Horton based on his driving, the Klan had better at least assert that the road was properly marked and signed so that the motoring public will know what the grossly negligent and incompetent Kansas Department of Transportation is doing.  If Snook was interested in traffic safety he would have telephoned the Kansas Department of Transportation and told them to stop drinking beer and whiskey for lunch and pay some attention to road signs that they need to post in a construction zone.  Snook needs to redirect his concern to the appropriate party, i.e. the drunks and incompetents at the Kansas Department of Transportation.  But, because the drunks and incompetents at the Kansas Department of Transportation are white, he is not going to do any of that.  Which proves the nigger Horton's driving is mere pretext for the defendant lynching the nigger Horton.

---

[1] Let alone established as a fact.

P Reply to D Bristol's Reply M for Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 2 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

### Page 2, Paragraph 1: "...a city officer can never ... investigate a matter within the county sheriff's jurisdiction."  K.S.A 22-2401a(2)(b)

K.S.A 22-2401a(2)(b) provides in relevant part that "(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:  (b) in any other place when a request for assistance has been made by law enforcement officers from that place … ."

In the instant case, the court has received no independent confirmation by a person in authority that defendant Bristol is even a law enforcement officer.  The court has received inadmissible, self-serving testimony from Bristol proclaiming himself to be a member of law enforcement.  He needs to have his credentials authenticated by his supervisor[2] before this court can accept that he is even a member of law enforcement within the meaning of this statute.

In the instant case, no "request for assistance" was ever made by the Osborne County Sheriff to Bristol.  Sheriff Miner has never asserted to this court that he ever authorized Bristol to do anything.  Rather, according to Bristol, Bristol contacted the sheriff's office in direct violation of the statutory language which states that a city cop can assist the sheriff "when a request for assistance has been made by law enforcement officers[3] from that place... ."  The fact is, the Sheriff of Osborne County never asked for Bristol's assistance.

---

[2] Mayor or city manager of Osborne, Kansas.
[3] i.e. Sheriff of Osborne

P Reply to D Bristol's Reply M for Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 3 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

The remainder of the defendant's allegations are mere repetition and without merit.

### Prayer

Plaintiff prays that the defendant's motion be overruled.

DATED: December 18, 2006

John D. Horton

### CERTIFICATE OF SERVICE

On the date listed below the plaintiff mailed the forgoing paper via United States Postal Service First Class Mail to the defendants counsel of record listed below.

(For Defendant Bristol)
Allen G. Glendenning
PO BOX 1110
GREAT BEND KS  67530-1110

DATED: December 18, 2006

John D. Horton

P Reply to D Bristol's Reply M for Sanctions
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 4 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999