IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN D. HORTON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1219-MLB |
| ) | |
| MICHAEL BRISTOL, ANDY SNOOK, ) | |
| JUDITH M. SNOOK, MARK SCHUTTER, ) | |
| CURT MINER, Sheriff, and PHILL KLINE, ) | |
| Kansas Attorney General, ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLEADINGS**

**INTRODUCTION**

Plaintiff has been flooding the court and counsel with a flurry of paperwork, some of which is duplicative and repetitive.[1]  Further, after the briefing on some of the pending motions was completed, plaintiff has proceeded to file further pleading aimed at those motions.  Since these pleading are not permitted by the Rules of Civil Procedure and/or are expressly prohibited by previous order of this court, they should be stricken.

**ARGUMENT AND AUTHORITY**

**Bristol's Motion for Sanctions:**

This defendant filed a Motion for Sanctions and Memorandum in support thereof on November 1, 2006. (Dkt 35-36.)  The plaintiff did not timely file a response.  However, on November 27, 2006, the court entered an order giving the plaintiff until December 22, 2006, in

---

[1]Pun intended

which to respond. (Dkt 59.) Thereafter, on December 5, 2006, plaintiff's response was filed. (Dkt 62.) On December 6, 2006, this defendant filed his reply in support of the motion. (Dkt 64.)

At that point, the briefing on defendant's Motion for Sanctions was complete. Local rule 7.1(c) only allows for the filing of a response to a motion and a reply. In addition, the court's order (Dkt 59) specifically states:

> "Plaintiff shall not be permitted to file surreplies or *any other pleading or submission* without leave of this court." (Emphasis added.)

In violation of this express order from the court and the local rules, plaintiff proceeded to file yet another response to this defendant's Motion for Sanctions which, plaintiff styled "Plaintiff's Response to Part 4 of the Court's Order Dated November 22, 2006 being an Objection by the Plaintiff to Defendant Bristol's Motion for Sanctions." (Dkt 72.) Plaintiff further violated the express order of the court by subsequently filing yet another response to the Motion for Sanctions which he styled "Plaintiff's Second Reply to Defendant Bristol's December 6, 2006 Reply in Support of Motion for Sanctions and Response to Plaintiff's Cross Motion for Sanctions." (Dkt 85.) In addition to being in violation of the court's previous order, this latest pleading raises entirely new arguments and cites authority not previously mentioned in plaintiff's previous pleadings. He addresses only the issue of the applicability of K.S.A. 22-2401 to Defendant Bristol's actions in this case. Unfortunately, he misconstrues the case law cited and ignores the all-important fact that Mr. Bristol was expressly requested by the sheriff's deputies to handle the matter that is the basis of this lawsuit. (See Bristol Affidavit, Dkt 29, Exhibit E, at Paragraphs 19-20.)

For the foregoing reasons, plaintiff's pleadings at Dkt 72 and 85 should be stricken.

**Plaintiff's Cross Motion for Sanctions:**

Plaintiff's response to Defendant Bristol's Motion for Sanctions, which was filed on December 5, 2006, contained, in the title, an indication that he was asserting a cross motion for sanctions against Bristol. (This purported cross motion was docketed as Dkt 63.)

On December 6, 2006, this defendant filed his response. (Dkt 64.)

Plaintiff's improper filing on December 18, 2006, of a new response to Defendant Bristol's Motion for Sanctions (Dkt 72, discussed above) again indicated, in its title, that it included the assertion of a Motion for Sanctions. The clerk again docketed the second purported cross motion as Dkt 73. This repetitive Motion for Sanctions is, in itself, improper and should be stricken. Nevertheless, out of an abundance of caution, this defendant filed a response to the repetitive Motion for Sanctions on December 22, 2006. (Dkt 78.) On the same day, December 22, 2006, plaintiff filed a reply to Dkt 64, Bristol's initial response to plaintiff's first purported cross motion for sanctions. (Dkt 81.) At that point, briefing on plaintiff's purported cross motion for sanctions, consisting of plaintiff's purported cross motion, defendant's response, and the plaintiff's reply, was complete. Nevertheless, four days later plaintiff's "Second reply" was filed. (Dkt 85.) This is an unauthorized pleading in violation of the local rules and the court's expressed order, as discussed above, is substantively without merit.

For the foregoing reasons, plaintiff's pleadings filed at Dkt 73 and 85 should be stricken.

## CONCLUSION

For the reasons set forth above, plaintiff's pleadings filed at Dkt 72, 73, and 85 should be stricken.

WATKINS CALCARA, CHTD.


s/  Allen G. Glendenning
       Allen G. Glendenning, #12187
       1321 Main - Suite 300
       P.O. Drawer 1110
       Great Bend, Kansas  67530
       (620) 792-8231
       Fax:  (620) 792-2775
       aglenden@wcrf.com
       Attorneys for Defendant Michael Bristol