UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
401 N MARKET ST RM 204
WICHITA KS  67202-2000

*FILED*

MAR 2? 2007

RALPH ... CLERK
By ____ Deputy

John D. Horton,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )          Civil Action No.
                                         )
Michael Bristol et al.,                  )          06-1219-MLB-KHM
                                         )
        Defendants.                      )

## PLAINTIFF'S OBJECTION TO THE SNOOK'S MOTION TO DISMISS

COMES NOW the plaintiff in the above entitled case and objects to

the Motion to Dismiss filed by mother and son Snook dated March 8,

2007.

AND IN SUPPORT THEREOF, the plaintiff shows:

### Facts

In June of 2006 the plaintiff attended a librarians conference

sponsored by the Central Kansas Library Association which was to be

held in Osborne, Kansas.  The plaintiff had great trepidation about

attending this meeting because he knew that the Ku Klux Klan was active

in this area and that niggers such as the plaintiff were likely to by lynched

by the Klan since the Klan in this part of Kansas had actively assisted

Timothy McVeigh and Terry Nichols in blowing up the federal building in

Oklahoma City.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 1 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

While traveling to Osborne to attend the librarians meeting, Klansman Andy Snook[1] began stalking and following the plaintiff 20 miles outside of Osborne. Once the plaintiff reached his destination at the Osborne Public Library, Klansman Snook notified Klansman Bristol that a nigger had entered the Osborne Public Library and was probably raping the white women. Bristol immediately responded to the Osborne Public Library and forced the nigger Horton outside of the building demanding to know who he was and what he was doing in cracker-town Osborne. Bristol then forced the nigger Horton to be confronted by Klansman Snook who verbally abuse and assaulted the nigger Horton. Bristol then wrongfully demand and received from the nigger Horton a copy of the nigger's driver's license and state government business card. Klansman Bristol then eventually wrongfully provide this information to Klansman Snook.

Klansman Snook then wrongfully provided this information to his mother.[2] Mother Snook then wrote an anti-nigger hate letter which was addressed to the Schutter[3] complaining about the nigger Horton traveling through whitey country in Osborne County. Based on Klansman Schutter's desire to maintain solidarity and cohesiveness with the larger Klan in Kansas, Schutter ordered that the nigger Horton be wrongfully

---

[1] Defendant herein.

[2] Klanswoman Snook.

[3] Plaintiff's second level supervisor at Larned State Hospital.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 2 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

terminated as part of a conspiracy of the defendant's herein to lynch the nigger Horton.

Subsequent to the anti-nigger lynching, the plaintiff contacted defendant Miner and attempted to file a criminal complaint[4] against Bristol and Snook but eventually came to an understanding through defendant Miner's inaction that criminal complaints by niggers against white people are not allowed in Osborne County.  Specifically, that Bristol and Snook had entered into a conspiracy with Miner such that Miner would refuse to investigate the lynching of the nigger Horton as a favor to his fellow Klan buddies, Bristol and Snook.

## Service of Process

Defendants have failed to object to the service of process or to this court's jurisdiction in a timely fashion.  Failure to object in a timely manner constitutes waiver of the objection and a concession to the matter asserted.

## FRCP 12(b)(6)

In the instant case a motion to dismiss for failure to state a claim upon which relief can be granted can not be sustain.  The Snooks were intimately involved with state actors and the Snooks promoted and controlled the actions of these state actors including Andy Snooks:  1. directing Police Officer Michael Bristol to falsely arrest the plaintiff in the Osborne Public Library, 2. directing Police Officer Michael Bristol to force

---

[4] Alleging anti-nigger terrorism, kidnapping and lyching.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 3 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

the plaintiff into a direct confrontation with Andy Snook where Andy Snook

assaulted[5] the plaintiff, and 3. directing Police Officer Michael Bristol to

convey to Andy Snook personal information about the plaintiff[6] including

copies of the plaintiff's drivers license and Kansas state government

business card which listed the plaintiff's place of employment.  Additionally

Mother Snook controlled the actions of Larned State Hospital officials by

registering her disapproval of minorities working for the state of Kansas.

As a direct and proximate result of Mother Snook writing her hate letter to

Larned State Hospital, the plaintiff was fired from his position.

Clearly a conspiracy exists where where two private citizens meet

with two different state government actors for the purpose of depriving the

plaintiff of his constitutional right to be free from false imprisonment and to

enjoy the benefits of gainful employment with the state of Kansas.

## Frivolous or Malicious?

There is nothing frivolous or malicious about this suit.  The only

thing that is malicious about this case is the fact that there has never been

a successful § 1983 or other civil rights plaintiff during the tenure of the

current members of the United States District Court for the District of

Kansas.

This court has consistently allowed law enforcement and their

surrogates to run amok without any judicial over site or scrutiny.  Even in a

---

[5] Andy Snook made threatening gesture and statements to the plaintiff.
[6] Which Police Officer Bristol wrongfully acquired from Horton while Bristol was acting
outside the scope of his geographical jurisdiction.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 4 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

simple and straightforward case like this, this court bends over backwards to excuse the wrongful conduct of the police.  Police Officer Bristol makes the self-serving statement that he had authorization from the Osborne County Sheriff to investigate the alleged traffic matter which occurred outside of Bristol's geographical jurisdiction of Town of Osborne and this court accepts it without independent confirmation by the Sheriff of Osborne County.

The fact still remains that Bristol was never authorized by the Sheriff of Osborne County to investigate the traffic matter which occurred outside of Bristol's jurisdiction.

The fact still remains that Andy Snook was intimately involved in directing Police Officer Bristol to falsely arrest and lynch the plaintiff because the plaintiff was an Hispanic minority state government employee attending a Kansas State Government sanction event being held at the Osborne Public Library.

The fact still remains that Mother Bristol directed Larned State Hospital officials to fire the plaintiff because he is a Hispanic minority.

It is also an undisputed fact that Andy Snook is a convicted felon, that he sired a child out of wedlock and that he works as a fry cook.

The fact that his court has the utmost disdain for civil rights litigants and displays extreme bias in favor of the police does not negate the facts or this case or render them frivolous.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 5 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Andy Snook would never have been able to harass the plaintiff and deprive the plaintiff of his civil rights without the connivance of Police Officer Bristol in falsely arresting and imprisoning the plaintiff.

Judith Snook would never have been able to harass the plaintiff and deprive him of his civil rights[7] without the connivance of 1. Police Officer Bristol in ultimately providing[8] to her a copy of the plaintiff's driver's license and Kansas state government business card which listed his place of employment, and 2. of Mark Schutter who terminated the plaintiff from his employment at the direction of Judith Snook.

If traffic engineering were the real concern of the Snooks, they would have directed their critical actions to the Kansas Department of Transportation telling them to post signs along construction zones indicating that 1. a pilot car is in use, 2. no passing is allowed, 3. only one direction and lane of traffic is allowed and, 4. the construction zone ends within a certain number of miles. Instead the Snook's feigned concern over traffic engineering to attack the plaintiff for being an Hispanic minority and used other government actors to accomplish their ends, i.e. Bristol to kidnap and lynch the plaintiff and Schutter to fire the plaintiff from his employment.

---

[7] Fourth Amendment liberty interest in employment.
[8] Without any lawful authority.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

- 6 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

## Enforcement of Federal Rights

One provision of the Reconstruction-era civil-rights act, 42 U.S.C. § 1985, forbids conspiracies to interfere with civil rights by:

1. preventing a federal officer from performing his or her duties;

2. obstructing justice by intimidating a party, witness, or juror;

3. depriving persons of rights or privileges, including the right to equal protection of the laws and the right to vote.

If one or more person engaged in such a conspiracy cause to be done any act in furtherance of the object of such conspiracy, whereby another is injured in his or her person or property or deprived of having an exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.[9]

42 U.S.C. § 1985 creates no separate rights but confers remedies for enforcement of rights arising under the Constitution or federal law and makes a grant of federal jurisdiction to hear such cases.[10]

42 U.S.C. § 1986, dealing with actions for neglect or refusal to prevent conspiracies to interfere with civil rights, is derivative of 42 U.S.C. § 1985 and provides a remedy for persons injured by the

---

[9] 42 U.S.C. § 1985.

[10] Howard v. State Dept. of Highways of Colorado, 478 F.2d 581 (10th Cir. 1973).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

- 7 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

neglect or refusal of those having the power to do so to prevent the wrongs specified in § 1985.

Clearly there was a conspiracy in this case among the Snooks, Bristol and Schutter.

## Jurisdiction and Venue

District courts have original jurisdiction of any civil action authorized by law to be commenced by any person:  (1) to recover damages for injury to the person or property, or, because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in 42 U.S.C. § 1985;[11]  and (2) to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in 42 U.S.C. § 1985 which the person had knowledge were about to occur and which the person had power to prevent.[12]

Jurisdiction is provided over the actions of private person by 28 U.S.C. § 1943(a)(1) (a)(2), since 42 U.S.C. § 1985(3) is a valid exercise of congressional power under the Thirteenth Amendment to create a statutory cause of actions for people who have been the victims of private, conspiratorial action aimed at depriving them of their civil rights.[13]

## Specific Facts

---

[11] 28 U.S.C. § 1343(a)(1).
[12] 28 U.S.C. § 1343(a)(2).
[13] Griffin v. Breckenridge, 403 U.S. 88 (1971).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 8 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

The plaintiff in a civil-rights action brought pursuant to 42 U.S.C. § 1985 must plead facts with specificity.[14]  All that can be required at the pleading stage is that a defendant be given notice of how he or she is alleged to have participated in the conspiracy so that the defendant may intelligently prepare an answer and defense.[15]

## Conspiracy

In order to maintain an action under 42 U.S.C. § 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tactit, to achieve the unlawful end.[16]

A complaint under 42 U.S.C. § 1985 satisfies the requirement it alleges that there is discrimination against a well-defined class[17] and that such discrimination affects a traditionally disadvantaged group, is irrational, or unnecessarily burdens the plaintiff's exercise of a fundamental right.[18]

## State Action

In Griffin[19] the Supreme Court, interpreting 42 U.S.C. § 1985(3), determined that the statute reaches purely private conspiracies aimed at interfering with rights constitutionally protected against private, as well as

---

[14] Martin v. Delaware Law School of Widener University, 625 F. Supp. 1288 (D. Del. 1985); Holdiness v. Stround, 808 F.2d 417 (5th Cir. 1987).

[15] Waller v. Butkovich, 584 F. Supp. 909 (M.D. N.C. 1984).

[16] Webb v. Goord, 340 F.3d 105 (2d Cir. 2003).

[17] In this case Hispanics.

[18] Santiago v. City of Philadelphia, 435 F. Supp. 136 (E.D. Pa. 1977).

[19] Griffin v. Breckenridge, 403 U.S. 88 (1971).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 9 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

official, encroachment, observing that the language of the provision

referring to deprivation of "equal protection" or of "equal privileges and

immunities" does not require that the action working the deprivation come

from the state.[20]  In Griffin, the court held that an action could be

maintained under § 1985(3) against a conspiracy to deprive the plaintiff of

rights protected by the Thirteenth Amendment and the right to travel

guaranteed by the Federal Constitution, which involved purely private

action and interference with those rights.[21]

In the instant case, the defendant Andy Snook and Bristol

obstructed the nigger Horton's right of travel and Judith Snook and

Schutter deprived the plaintiff of his Fourth Amendment liberty interest in

gainful employment.

## Motion to Dismiss and for Summary Judgment

While the general rules relating to Fed. R. Civ. P. 12(b) motion to

dismiss apply in civil-rights actions,[22] Fed. R. Civ. P. 12(b) dismissals,

especially Fed. R. Civ. P. 12(b)(6) dismissals for failure to state a claim

upon which relief can be grated, are scrutinized with special care in civil-

rights actions.[23]  Mere technical defects in a pleading will not provide a

basis for dismissal.[24]  The court must presume all factual allegations of the

---

[20] Id.

[21] Id.

[22] Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1988).

[23] Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

[24] John v. State of La. Through Bd. Of Trustees for State Colleges & Universities, 764 F.2d 1183 (5th Cir. 1985).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

- 10 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

complaint to be true[25] and draw all reasonable inferences in favor of the

nonmoving party.[26]  The issue is not whether the plaintiff ultimately will

prevail, but whether the plaintiff is entitled to offer evidence to support the

claim.[27]  The general rules that the court is bound to construe the

complaint favorably to the pleader[28] and should not dismiss the complaint

unless it appears beyond doubt that the plaintiff can prove no set of facts

which would entitle the plaintiff to relief, apply with particular force in

actions brought under the Civil Rights Act.[29]  A suit cannot be dismissed

for lack of subject-matter jurisdiction because the plaintiff has failed to

raise a substantial constritutional question unless the cause of action is so

patently without merit as to justify the court's dismissal for want of

jurisdiction.[30]  Even a flawed complaint must be construed as to do

substantial justice.[31]  Moreover, the court may allow the complaint to be

amended, so that jurisdiction is properly alleged under 28 U.S.C. § 1343.[32]

---

[25] Neitzke v. Williams, 490 U.S. 319 (1989).
[26] Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir. 1987).
[27] Id.
[28] Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984);  Wilson v. Winstead, 470 F. Supp. 271 (E.D. Tenn. 1978).
[29] Neitzke, Supra.
[30] Patten v. Beauchamp, 599 F. Supp. 288 (D.N.D. 1984).
[31] Durham v. Parks, 564 F. Supp. 244 (D. Minn. 1983).
[32] Burris v. State Dept. of Public Welfare of South Carolina, 491 F.2d 762 (4th Cir. 1974); Harkless v. Sweeny Independent School Dist. Of Sweeny, Tex., 554 F.2d 1353 (5th Cir. 1977).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 11 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

On a motion made in a district court by a defendant to dismiss on qualified immunity grounds, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.[33]

In a civil-rights action, a district court errs in treating the defendant's motion to dismiss as a motion for summary judgment without giving the plaintiff a reasonable opportunity to submit affidavits or other material to contradict the materials filed by defendants, and without giving plaintiff notice of the consequences of failing to respond.[34]

In denying a dismissal motion based on a claim of qualified immunity, a district court should state for the record its reasons for denying immunity.[35]

Under Fed. R. Civ. P. 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert the plaintiff to the legal theory underlying the defendant's challenge and enable the plaintiff to respond by opposing the motion to dismiss on legal grounds or by clarifying the factual allegations so as to confirm with the requirements of a valid legal cause of action.  This adversarial process also crystallizes the pertinent

---

[33] Behrens v. Pelletier, 516 U.S. 299 (1996).
[34] Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).
[35] Morin v. Caire, 77 F.3d 116 (5th Cir. 1996).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

**- 12 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

issues and facilitates appellate review of a trial court dismissal by creating

a more complete record of the case.[36]

### Pro Se Plaintiff

When faced with a motion to dismiss in a civil-rights case, the court

will give the pleadings of a pro se plaintiff especially lenient treatment.[37]

Dismissal is allowed only if it appears beyond doubt that the pro se civil-

rights plaintiff can prove no set of facts in support of his or her claim which

would entitle the plaintiff to relief.[38]  This means that before the court

dismisses the complaint of a pro se plaintiff, the party will be given an

opportunity to offer evidence or to further particularize the claim.[39]

In the instant case, the plaintiff has clearly asserted a claim that the

Snooks conspired with Bristol to kidnap, lynch and falsely imprison the

plaintiff and then the Snooks conspired with Schutter to have the plaintiff

fired form his employment with Larned State Hospital.

### Immunity of Private Person Conspiring With Immune Official

The U.S. Supreme Court has held that where a private person is

found to have acted under color of state law in conspiring with a state

official, the fact that the state official is immune from suit under 42 U.S.C.

---

[36] Neitzke, Supra.

[37] Waller v. Butkovich, 605 F. Supp. 1137 (M.D. N.C. 1985).

[38] McCormick v. City of Chicago, 230 F.2d 319 (7th Cir. 2000);  Weixel v. Board of Educ. Of City of New York, 287 F.3d 138 (2d Cir. 2002);  Deravin v. Kerik, 335 F.3d 195 (2d Cir. 2003).

[39] Waller, Supra.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 13 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

§ 1983 arising from the conspiracy does not entitle the private party who

conspired with him to immunity from such a suit.[40]

This holding has given rise to other opinions holding generally that

a private person who conspires with an immune state officer in a manger

actionable under § 1983 does not enjoy any immunity from suit by virtue of

his co-conspirator's immunity.[41]

### Unlawful Seizure by Bristol

The Tenth Circuit has listed the factors it considers in determining

whether a person is seized within the meaning of the Fourth Amendment:

> 1) the threatening presence of several officers; 2) the brandishing
> of a weapon by an officer; 3) some physical touching by an officer;
> 4) use of aggressive language or tone of voice indicating that
> compliance with an officer's request is compulsory; 5) prolonged
> retention of a person's personal effects . . . ; 6) a request to
> accompany the officer to the station; 7) interaction in a nonpublic
> place or a small, enclosed place; 8) and absence of other members
> of the public.
> [United States v.]Hill, 199 F.3d at 1147-48. We have refused to
> treat any of the factors cited above as dispositive. United States v.
> Glass, 128 F.3d 1398, 1406 (10th Cir. 1997); United States v. Little,
> 18 F.3d 1499, 1503 (10th Cir. 1994) (en banc) ("only in rare
> instances will any one factor produce an inexorable conclusion that
> a seizure has occurred."). Nor are these factors exclusive. See
> United States v. Griffin, 7 F.3d 1512, 1518 (10th Cir. 1993) ("we
> have avoided hard line rules to govern this analysis, and our
> opinion today should not be interpreted as an exhaustive
> pronouncement."). Rather, we base our Fourth Amendment

---

[40] Dennis v. Sparks, 449 U.S. 24 (1980).
[41] Goadby v. Philadelphia Elec. Co., 639 F.2d 117 (3d Cir. 1981).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS 67202-2000

- 14 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ 08041-9999

analysis on the "totality of the circumstances." United States v. Shareef, 100 F.3d 1491, 1505 (10th Cir. 1996) (citation omitted). When viewing the totality of the circumstances, it may be that the strong presence of two or three factors demonstrates that a reasonable person would have believed that he was not free to terminate an encounter with government officials.

In the instant case, Bristol clearly entered the Osborne Public Library without lawful authority and subsequently lied to this court with his fabrication that the Sheriff wanted him to take over his responsibilities for investigating county matters.  Bristol falsely arrested the plaintiff in the Osborne Public Library through a combination of force, fear, fright and intimidation all of which were done under color of law which he did not have the authority to exercise.  The plaintiff was wrongfully transported to the Osborne Police Station where he was further subjected to insulted and degrading treatment by Andy Snook, a convicted crackhead and friend of Bristol.

## Pro Se Complaints

As an extension of the Supreme Court's admonition that pro se civil-rights complaints be construed more liberally than those drafted by lawyers, some courts have imposed special rules on the granting of summary judgment in favor of the defendant in a civil-rights action brought by a pro se plaintiff, finding that pro se litigants enjoy special latitude on summary-judgment motions.[42]  One of these rules relates to the Red. R.

---

[42] McDonald v. Doe, 650 F. Supp. 858 (S.D. N.Y. 1986).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

- 15 -

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

Civ. P. 56(e) provision that if the moving party properly supports the motion with affidavits, the failure of the nonmoving party to show that there is a genuine issue of fact for trial authorizes the court to grant summary judgment to the moving party.  One court has flatly refused to grant the defendant summary judgment based on the plaintiff's failure to comply with Fed. R. Civ. P. 56(e) and has compared the defendant's affidavit with the allegations of the plaintiff's complaint to determine if any factual issues existed.[43]  Others courts have taken the position that before summary judgment can be granted in such a case, the pro se plaintiff must, at a minimum, be advised of the right to file responsive material and that the failure to do so might result in summary judgment for the defendant.[44]  However, if despite such advice the pro se plaintiff makes no response to the summary-judgment motion, summary judgment may be entered.[45]

In cases involving civil-rights action filed by pro se plaintiffs, technical rigor is inappropriate.[46]  It has been recognized that merely providing notice of the technical requirements of Fed. R. Civ. P. 56 will not, in every case, compensate the plaintiff for the handicaps resulting from indigency.[47]  The pro se plaintiff will most likely lake sufficient access

---

[43] Boyd v. Werner, 416 F. Supp. 1222 (W.D. Pa. 1976).

[44] Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982); Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985); Curry v. Brown, 440 F.2d 259 (D.C. Cir. 1971).

[45] Mignone v. Vincent, 411 F. Supp. 1386 (S.D. N.Y. 1976).

[46] Ross v. Franzen, 777 F.2d 1216 (7th Cir. 1985).

[47] Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980); Curry v. Brown, 440 F.2d 259 (D.C. Cir. 1971).

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 16 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

to sources of proof,[48] and may also lack the understanding of the legal issues involved and the ability of self expression so as to be able to demonstrate the existence of a material issue of fact.[49]

The reasonable opportunity which must be provided to submit affidavits that contradict the affidavits submitted in support of the motion for summary judgment presupposes notice.[50]  Mere time is not enough because it is unrealistic to impute a pro se litigant without a legal background the awareness of failing to respond with an opposing affidavit to a motion for summary judgment.[51]  If defense counsel does not give pro se plaintiffs such notice, the district court or a magistrate must do so.[52]

The court may appoint counsel to assist the pro se plaintiff in defending the motion for summary judgment,[53] or may simply deny summary judgment and hold an evidentiary hearing.[54]

---

[48] Murrell, Supra.; Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).
[49] Hudson, Id.
[50] Ross v. Franzen, 777 F.2d 1216 (7th Cir. 1985).
[51] Ross, Id.
[52] Ross, Id.
[53] Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980); Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).
[54] Murrell, Supra.

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 17 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999

**Prayer**

Plaintiff prays that the defendant's motion be overruled.

DATED:  March 22, 2007

John D. Horton

## CERTIFICATE OF SERVICE

On the date listed below the plaintiff mailed the forgoing paper via United States Postal Service First Class Mail to the defendants counsel of record listed below.

Paul S. Gregory
PO BOX 345
OSBORNE KS  67473

DATED:  March 22, 2007

John D. Horton

P Objection to D Snooks' M to Dismiss
Horton v. Bristol, # 06-1219-MLB-KHM
United States District Court
for the District of Kansas
401 N MARKET ST RM 204
WICHITA KS  67202-2000

**- 18 -**

John D. Horton
GENERAL DELIVERY
JOBSTOWN NJ  08041-9999